## SUPREME COURT.

### ENOS AND OTHERS agt. THOMAS AND HUNTER.

*After* judgment the only mode of reviewing the decision of a referee is by an appeal from the judgment.

The court has not the power to enlarge the time to appeal, where notice as required by section 327 of the Code has not been given within the time required by the statute. (PARKER, *Justice, dissenting. This point is decided directly adverse to the case of Crittenden agt. Adams, ante p.* 310.)

The dictum in Traver vs. Silvernail (2 *Code Rep.* 96), disapproved.

How far the court may review the decision of a referee or jury, *before* judgment, pursuant to the old practice. Quere.

*Albany General Term, Dec.* 1850. *Before Justices* WATSON, PARKER and WRIGHT. This action was referred to a referee, who reported in favor of the plaintiffs, January 24, 1850. On the 22d February 1850, a copy of said report was duly served on the defendants' attorneys, who reside at Buffalo. On the 8th day of March 1850, Justice SILL, at Buffalo, granted a stay of proceedings for twenty days before judgment, in order to give the defendants liberty to move to set aside the report.

Upon notice to the plaintiff's attorney, on the 28th day of March, the defendants moved before Justice SILL for a further stay of proceedings for the same purpose, but which motion was opposed and denied on the ground that Justice SILL had no authority to make an order out of the fourth district and not adjoining Saratoga county. The defendants then applied to the plaintiffs, attorney to stay proceedings by stipulation, but such stay was refused by letter dated April 1, 1850, on the ground that the questions being merely exceptions and points of law, it was not a proper case to review before judgment, but that the defendants should take their remedy by appeal after judgment. The defendants acquiesced in this view of the case by not applying for a further stay to one of the justices of the fourth district. After a motion for extra costs had been made and granted, on the 27th day of April 1850, a judgment was entered upon the report of the referee in favor of the plaintiffs and roll filed in Saratoga county. Notice of said

judgment was personally served on the defendants' attorneys May 1, 1850, and an execution was issued to Erie county, where the defendants resided, May 6, 1850.

On the 13th day of June 1850, the defendants filed notice of appeal and undertaking and served notice also on the plaintiffs' attorney, but no notice was given or other act done until more than thirty days after notice of the judgment, except that the papers were drafted in the attorney's office before the thirty days had expired, and the defendants' attorney swears he forgot to serve them within the thirty days.

Thereupon the plaintiffs noticed a motion for the general term to be held in Clinton county, July 1, 1850, to dismiss said appeal, which was granted by default. The excuse given why said defendants did not oppose that motion was that Mr. Tifft, one of the plaintiffs, who resided at Buffalo, on the application of the defendants' attorneys consented verbally to have said motion stand over until the Albany general term, to be held September 1850. The defendants' attorneys also applied by letter to the plaintiffs' attorney to postpone the motion, but he immediately answered and refused to ratify the arrangement of Mr. Tifft. Afterwards, the defendants' attorneys say that they had not time to prepare papers and go personally to Clinton county in time to oppose that motion. The defendants noticed the cause for argument and put it on the calendar at the Albany general term, September 1850, and also moved for liberty to review said judgment without an appeal and for a stay or for an order extending the time to appeal and to open the default dismissing the same. The motion was argued at the September term.

J. K. PORTER, *for Defendants.* ·

E. F. BULLARD, *for Plaintiffs.*

By the Court, WATSON, Justice.—If this court had *power* to relieve the defendants as a matter of discretion, it would be a great indulgence of that discretion to allow them to appeal after so long a delay, and after allowing the appeal to be dismissed at the July general term held in the fourth district. It would be beyond

all rules of indulgence to set aside the judgment entered in April last, after due notice, and after a stay of proceedings *before* judgment had not been obtained from the court and had been expressly refused by the plaintiffs' attorney upon the ground that the defendants would be required to appeal and give security. By allowing the judgment to be afterwards entered the defendants elected their remedy by appeal.

The defendants' counsel now insists upon their right to review the decision of the referee, *after* judgment, by motion to set it aside and for a rehearing, the same as under the old practice, in the same manner as if the legislature had not enacted the Code.

Before the Code any party upon procuring a stay of proceedings upon a case might move the court for a new trial upon a matter arising at the circuit, and to set aside the report of a referee. In both instances this motion went to the general term, unless in the case at the circuit, the judge who tried the cause chose to hear it argued before himself in the first instance. But in either case the motion must have been made before judgment.

As stays of proceedings were generally granted as a matter of course, almost all cases were reviewed before the general term, and thus that court became overburthened with business, and delays were necessarily tedious. To remedy this and other evils of a like nature, the judicial force of the state was greatly increated by the new constitution. This was not found to be an adequate remedy, and therefore the legislature provided that " the *only* mode of reviewing a *judgment,* or order in a civil action, shall be that prescribed by this title," which is prescribed to be by appeal (*Laws of* 1849, *page* 680, § 323).

" To render an appeal effectual for any purpose, a written undertaking must be executed," &c. (*page* 681, § 334).

The *case* provided for on a trial by the court may be made at any time within ten days *after* notice of the *judgment* (*page* 668, § 298).

The decision by the referee, so far as entering judgment and reviewing the same is concerned, is placed upon the same ground as if the action had been tried by the court (§ 272).

It seems that the legislature intended to place a trial before a referee and the court upon the same footing, and also that the review of the *decision* should be *after judgment,* and by appeal, with security given. It does not appear that they intended to make any other substantial alterations or to alter the powers of the court at general term in regard to such reviews. We can not see why a case brought before the court by *appeal* under the Code, should not be argued and decided in the same manner as if it had been carried before the court at general term by *motion* under the former practice. Until the legislature think fit to alter the *powers* of the general term of the court upon a case made, the court see no cause for assuming to do so. With this view of the case the practice under the Code seems entirely simple and it would seem that there has been no substantial change in the practice except requiring the case to be made *after* judgment, and the same to be carried before the general term by appeal with security given.

The term " *rehearing*," as used in section 272, seems to be synonymous with " *new trial.*" It was undoubtedly intended to apply also to county and recorders' courts. It would seem absurd to require an appeal to the Supreme Court from the Recorder's Court to correct an error of a referee in the latter court, when such error might be corrected in that court in which the judgment was rendered. Hence that power was given to the Recorder's Court without driving the party to appeal to the Supreme Court under section 344, page 683 of Laws of 1849.

It seems to be clear, therefore, that the only mode of reviewing a decision under the *Code after* judgment is by appeal.

If the party aggrieved desires any different remedy he can not seek it under the Code, but must look back to the old practice not inconsistent with the present statute. In case of surprise, newly discovered evidence, or irregularity in a verdict or decision the court, before judgment, on motion undoubtedly has the power to do justice in the given matter, and in such a case the remedy might perhaps be at the special term, but that question is not necessarily raised here. But such relief or proceeding is not a *review* of the decision, verdict, report or judgment. It presup-

poses such decision, so far as matters appeared upon the trial, to be *right*, and does not ask for a review thereof, but for special or equitable relief.

In the next place it is insisted on the part of the defendants that they would be without a remedy on a question of fact, as an appeal from a judgment entered upon a report of a referee does not bring up questions of fact. If that question arose in this case probably the court would concur with the decision of Justice Gridley in Pepper vs. Goulding (3 *Code Rep.* 29).

As we have before stated, the referee is placed in the position of the court so far as the decision, judgment and review thereof is concerned (§ 268, 272 and 278).

The words " *or report of referees*," in section 278, it is understood were inserted in the Code of 1849 to obviate the necessity of going to a judge for a direction to enter judgment as required by Justice Hand in Deming vs. Post, but that decision was in effect reconsidered in Van Valkenburgh vs. Allendorf (4 *How. Pr. R.* 39). After section 278, 268 and 272 had provided for a review in a case tried before a referee in same manner as if tried by the court, it would seem entirely unnecessary to report the words again in section 348.

But in the case at bar there are two other answers to this branch of the defendant's argument.

First, this motion is after judgment; and second, the questions to be reviewed, as appears by the case as settled, are questions of law entirely. It is therefore unnecessary for this court to approve or dissent from the case of Hastings vs. McKinney (3 *Code Rep.* 10), decided by the New York Common Pleas, or the case of Leggett vs. Mott (3 *Code Rep.* 1), decided in the New York Superior Court.

If the defendants can not review this judgment without an appeal, then they ask to extend the time to appeal. It is conceded that the defendants did not within thirty days after notice of the judgment, in good faith or otherwise, give notice of appeal from the judgment. They did no act except to prepare papers in their office. It is therefore clear that they could not be allowed to

perfect their appeal under section 327, Laws 1849, page 680.
Under that section the court have power to allow almost any
amendment provided any step has been taken within thirty days
upon which to found an amendment.

That chapter is entitled of appeals in general, and with such
broad powers of amendment there given, it is quite evident that
the legislature was not intending to apply section 173 to appeals.
Laws of 1849, page 650, chapter 6, is entitled "Mistakes in
pleadings and amendments." If we are to apply the language
" or other *act* to be done" to any thing but the ordinary plead-
ings and proceedings *in* an action, and to extend it to appeals
which are provided for by section 327, then the court can with
equal propriety extend the time for commencing a common action
beyond six years, as the commencing an action is but an *act*
within its broadest sense. The bringing of an appeal is in the
nature of a new action. It is not a proceeding *in* an action pend-
ing (Rice vs. Floyd, 1 *Code Rep.* 112, in Court of Appeals).
The case of Traver vs. Silvernail was merely a dictum, as will
be seen by referring to it.

Before the Code the law was well settled that the courts could
not extend the time to appeal. The time allowed for that
purpose was regarded as a statute of limitations, and until the
legislature clearly gives the court the right to do so, it would be
assuming the legislative prerogatives for the court to extend the
time to appeal beyond the time clearly fixed by the statute. The
right to be *heard before* a judgment shall be pronounced against
a party, is an *absolute* right of which a party can not be deprived
by the legislature and which will be safely guarded by the courts.

*After* one trial before a court or tribunal of competent juris-
diction has been had, where the party has had a full opportunity
of being heard, to grant him an appeal or a right to review is a
matter resting in the sound *discretion* of the law making power,
and is one which the party can not claim as an absolute right.

Thus the legislature has absolutely deprived a party from ap-
pealing to the Court of Appeals from a judgment in an action
originating in a Justice's Court, and he can not even get to the

Supreme Court in such a case, as a matter of right, but must first obtain a certificate from a justice of that court.

The defendant's motion must be denied with ten dollars costs.

NOTE.—Justice PARKER thought that the court had a right to allow the defendants to amend, by extending the time for bringing the appeal; but the other members of the court were of a different opinion.