DANA and another, receivers, *against* HOWE, imp'd., &c.

The supreme court is not authorized, on motion at special term, to review and vacate a judgment entered in an action under the Code upon and pursuant to the decision of a referee, on the ground that it is erroneous in law.

Such judgment, as to errors of law therein, is reviewable by the court at general term, on an appeal therefrom.

*307]   *APPEAL by the defendant from an order made by the supreme court at a general term in the 5th district. The case is sufficiently stated in the opinion.

*Samuel Beardsley*, for the appellant.

*F. Kernan*, for the respondents.

JOHNSON, J.   This action was commenced in 1852, upon a bond executed by the defendant, in the penalty of $500, conditioned that one Webb should faithfully account for and pay to the obligees all money that should be paid to him belonging to the obligees, and in all things honestly discharge the duties of an agent of the obligees. Issues of fact were joined in the action, and it was referred to a referee to hear and determine the whole issue therein; it was heard, and the referee directed a judgment to be entered for the plaintiffs "for the sum of $500, the penalty of the bond, with taxable costs; and a further judgment, that the plaintiffs have execution to collect $33.08, found to be due from Webb, with interest from the commencement of the suit, together with their taxable costs. Such a judgment was accordingly entered. Subsequently at a special term, upon motion founded on the judgment roll which contained the referee's findings and order of judgment, an order was made vacating the judgment so rendered, except as to $33.08, and interest, and declaring that the defendant, who had defended the action, might enter a judgment against

the plaintiff for his costs of defence, and that he might set off his costs, when adjusted, against the amount of the $33.08, and interest, found to be due the plaintiff, and have execution for the balance. Upon appeal to the general term, this order was reversed, and from that order the defendant has appealed to this court.

Upon the assumption that we have the right to review the determination of the general term in this case, I am of *opinion that the court was right in reversing the [*308 order at special term. The report of the referee stands as the decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court. His decision is to be excepted to and reviewed in like manner, and not otherwise than if the trial had been had by the court. (*Code*, § 272.) There was in this case no question of irregularity in practice in rendering judgment, no slip or inadvertence upon the part of either the party or the court. If there was any error, it consisted in this, that upon ascertained facts the court had deliberately and erroneously rendered a judgment which the law did not warrant. It was erroneous in point of law, if it had any defect. That is precisely the species of defect which the Code provides shall be remedied on appeal from the judgment. What the party sought was a review of the decision of the referee, that according to law the judgment which he ordered was the appropriate one to be rendered upon the ascertained facts. The Code says, the only mode of reviewing a judgment shall be by appeal. (§§ 323, 325, 329, 348.) An appeal upon the law to the general term, from the judgment entered upon the report of the referee, would have been the appropriate and only mode for the defendant to have sought relief in this case. (§§ 268, 348.) The court had no authority at special term, on motion, to review and set aside the judgment ordered by the referee as erroneous.

The order made at general term was therefore correct and should be affirmed.

3 KERN.—20

All the judges except CRIPPEN, J., concurred in affirming the order, on the grounds stated in the foregoing opinion.

Judgment accordingly.