Coe *v.* Coe.

[ALBANY SPECIAL TERM, May 28, 1861. *Hogeboom*, Justice.]

RUTH C. COE *vs.* ABIGAIL J. COE and another, administratrix and administrator &c. of William C. Coe, deceased.

*It seems* there are only two ways in which the report of a referee can be reviewed, upon a reference to settle claims made against executors and administrators. One is by an appeal to the general term directly from the judgment on the report of the referee, and upon a case, or case and exceptions making a part of the record. The other is by a motion for a new trial, at the special term, by way of opposing the motion to confirm the report.

A judgment given at a special term, upon a motion made to confirm the report of the referee, in such a case, setting the report aside and directing the payment of costs by the claimant, is erroneous and unauthorized by law.

A judgment, under the statute, when given, must be upon the report of the referee confirmed by the court. The court cannot, upon setting aside the report, entirely displace the referee by itself pronouncing the judgment which the referee should have given.

APPEAL from a judgment rendered at a special term in Madison county, held by PARKER, J. A claim of the appellant against the estate of William C. Coe, deceased, was disputed by his administrator and administratrix, and by agreement and with the consent of the surrogate was referred to a sole referee, who reported in favor of the claimant. Upon a motion made at special term to confirm the report,

the same was set aside, and judgment ordered for the respondents, for the costs; and from that judgment the claimant appealed.

*Pratt & Mitchell,* for the appellant.

*Jas. Noxon,* for the respondents.

*By the Court,* ALLEN, J. No case was made, by the defendants, for the purpose of reviewing the trial before the referee, and no exceptions were taken to his report. Neither the statute authorizing the reference, nor the code, in terms, prescribe the practice upon a review of the trial before the referee, and the proceedings must be made to conform, as near as may be, to the established practice in other cases. The statute regulating the trial declares that the same proceedings shall be had, in all respects, the referees shall have the same powers, be entitled to the same compensation and subject to the same control as if the reference had been made in an action in which the court might direct a reference. (2 *R. S.* 89, § 37.) The proceeding is substantially a suit, being a legal proceeding in a court, to ascertain the amount due, and to enforce its collection. (*Robert* v. *Ditmas,* 7 *Wend.* 522.) It is not commenced by the service of a summons, and is not an ordinary proceeding for the enforcement of a right, and is not therefore technically an action, within the provisions and definition of the code. (*Code,* §§ 2, 127.) It is nevertheless a judicial proceeding, terminating in a judgment. (*People* v. *County Judge of Rensselaer Co.,* 13 *How. Pr. Rep.* 398.) Since the enactment authorizing and regulating the reference of claims against the estates of deceased persons, the judicial system has been changed, and a new code of practice adopted, much more complicated and intricate in its machinery and workings than the former. And it is not easy, in all cases, to adapt the new system and forms of procedure to the remedies secured by special statutes. Un-

der the former practice—less technical than the present—
the process for a review of the trial and the correction of the
errors of the referee, in cases like the present, was quite sim-
ple. The statute provides that the court may set aside the
report of the referees, or appoint others in their places, and
may confirm such report and adjudge costs, as in actions
against executors. (2 *R. S. supra.*) The order to confirm
the report and for judgment was an order of course, and nisi,
and only became absolute after the *quarto die post*, and
judgment was entered on it in the same manner and with
the like effect as upon the verdict of a jury. (*Burhans* v.
*Burhans*, 10 *Wend.* 601. *Woodin* v. *Bagley*, 13 *id.* 453.)
Within the four days the defeated party might move for a
new trial, as upon a trial at circuit, and if the argument
could not be had within the four days, proceedings upon the
report might be stayed, as in other cases. The report was
confirmed unless the unsuccessful party, upon a case and in
the usual way, asked for and obtained a new trial. Under
the code, common orders are abolished, and if an order of
confirmation and for judgment upon the report is necessary,
it must be made at a special term, upon a special applica-
tion. (*Code*, §§ 278, 401.) The code gives an appeal from
the judgment as the only method of reviewing a trial, except
in the very few cases specially provided for, in which a mo-
tion for a new trial may be made. As this proceeding is not
a civil action, within the code, it is not within the provisions
of that act, and the form of procedure must be regulated by
analogy to its provisions, rather than by the terms of the act.
The appeals given by the code are confined to judgments and
orders in "civil actions." (*Code*, § 323.) And an appeal
from a judgment on the report of a referee, in a case like this,
would not lie, except upon a very liberal interpretation of
the statute. There are only two ways that occur to me in
which the report of a referee can be reviewed, upon a refer-
ence to settle claims made against executors and administra-
tors. One is by an appeal to the general term directly from

the judgment on the report of the referee, and upon a case, or case and exceptions making a part of the record. (*Code,* §§ 272, 348, 268. *Dana* v. *Howe,* 3 *Kern.* 306. *Johnson* v. *Whitlock, id.* 344.) And the other is by a motion for a new trial, at the special term, by way of opposing the motion to confirm the report. In the latter case the party would have the same opportunity to move, that was given under the former practice, after the rule for interlocutory judgment was entered, and, upon cause shown, time for preparing the case or exceptions would be given, and the motion to confirm the report and for judgment be suspended until the hearing of the motion for a new trial. In this as in the other mode of proceeding suggested, a case or exceptions must be prepared, by the party aggrieved by the report. This appears to me the most natural and simple mode of carrying the case before the court. But it is not necessary for us to settle the practice. It is enough that the judgment given at special term is unauthorized by law. A judgment under the statute, when given, must be upon the report of the referee confirmed by the court; not by the court notwithstanding, or against, the report of the referee. (2 *R. S. supra.*) The court may only set aside the referees, or appoint other referees in their stead, if the report is erroneous or unsatisfactory; or it may confirm the report, and in that case adjudge costs, as in actions against executors. If the report is set aside, a new trial before the same or other referees follows of course. The report being set aside, there is nothing upon which to base a judgment for costs. It is a statutory proceeding, and the only authority for a judgment is the report of the referee, which is subject to examination by the court; but the court cannot, upon setting aside the report, entirely displace the referee by itself pronouncing the judgment which the referee should have given.

The judgment is not simply irregular, but is erroneous, and must be reversed with costs. And as the practice is un-

settled, the proceedings are remitted to the special term, to the end that either party may apply for such relief as they may be advised they are entitled to.

[Onondaga General Term, October 1, 1861. *Bacon, Allen, Mullin* and *Morgan*, Justices.]