Stevens *v.* Veriane.

CHARLES H. STEVENS, Respondent, *v.* MATILDA VERIANE and others, Appellants.

(GENERAL TERM, FIFTH DISTRICT, JANUARY, 1870.)

The provisions of section 385 of the Code, allowing an offer of judgment, &c., by the defendant to the plaintiff, are not applicable to equitable actions; *e. g.*, an action to foreclose a mortgage.

When the issues in an action of foreclosure are referred, the referee is charged with the duty of making a decision on the question of costs.

THIS action was brought to foreclose a mortgage given by the defendant, Matilda Veriane, to one Jewel, to secure to him a debt due from her husband. Before the action was brought the husband had made payments on the mortgage, and at the commencement of the action there remained due but ten dollars. Jewel assigned the mortgage to the plaintiff who was the holder and owner thereof.

The defendants appeared and put in answer, and afterward served an offer on the plaintiff's attorneys to allow judgment of foreclosure for twenty dollars.

The issues were referred, and the referee after hearing the proofs and allegations of the parties, found and reported that there was due and unpaid on the mortgage the sum of ten dollars; and ordered judgment that if within twenty days after service of a copy of the said report the defendants paid the sum of ten dollars and the fees and expenses of the reference, amounting to thirty-four dollars, they were entitled to have said mortgage delivered up and canceled, but if they omitted to make such payment, then the plaintiff was entitled to a judg-

Stevens v. Veriane.

ment of foreclosure and sale of said premises to satisfy the balance due, and the fees of the reference, and the fees and expenses of making the sale and no more. No costs or disbursements except those specified were allowed either party.

The defendant moved, at Special Term, upon affidavits setting forth the foregoing facts, for costs subsequent to the offer made by them, and which had not been accepted by the plaintiff.

The motion was denied; and from that order the defendants appeal.

*Mr. Southworth*, for the appellants.

*Messrs. Bedell & Bliss*, for the respondents.

Present—MULLIN, MORGAN and DOOLITTLE, JJ.

By the Court—MULLIN, P. J. An action for the foreclosure and sale of mortgaged premises was under the former practice in this State an equitable action. Its nature is not changed by the Code of Procedure. It is, therefore, one of the class of actions in which costs are in the discretion of the court by section 306 of the Code. The disagreement between the parties is not as to the character of the action or the power of the court to award costs in its discretion, but it is as to the construction which should be given to section 385 of the Code. That section provides that "the defendant may at any time before trial or verdict serve on the plaintiff an offer in writing to allow judgment to be taken against him for the sum or property, or to the effect therein specified with costs." If plaintiff gives notice of acceptance within ten days the clerk may enter judgment according to the offer. If such notice be not given, the offer is to be deemed withdrawn and cannot be given in evidence, and if plaintiff fails to obtain a more favorable judgment he cannot recover costs, but must pay costs from the time of the offer. The offer was made and not accepted, and the plaintiff failed to obtain a more favor-

able judgment. The defendants are therefore, clearly entitled to costs if section 385 applies to the case. In equity cases the judge determines the question of costs according to the justice of the case, and in view of all the facts and circumstances proved before him, one of the most important of these, to wit, the offer under section 385, cannot be properly proved before him; and hence, it is impossible for him to adjudge the rights to costs in view of that offer. Again, it would seem by the very terms of the section, that it was intended to apply only to cases in which the costs are given as of course to the party who moves in the action, as it provides that the offer shall be, that the plaintiff may enter judgment *with costs.*

It would be unjust to compel a defendant to allow the plaintiff costs, when his conduct may have been so oppressive, or unjust, or there was such a want of equity in his case, as that the court would refuse him costs in the event of giving judgment in his favor.

It is said that as the section enables the defendant to relieve himself from further costs and expense, by making the offer, and as there is no opportunity for the court to exercise its discretion, it is but reasonable that he should pay costs up to the offer, as it may be presumed that the court would, under the circumstances, award costs to the plaintiff. But the effect of such a construction is to take away from the court the discretion over all equitable actions in which an offer is made, and to substitute in its place an arbitrary regulation, while the court is bound to proceed to adjudge costs according to its own views of equity, without an opportunity to be informed of one of the most important circumstances affecting them.

This case is a perfect illustration of the consequences of the construction contended for. The referee was bound to determine who should pay costs, and if he did not mean to give full costs then it was his duty to fix the amount. He did what was his duty to do.

To alter the adjudication as to costs, upon motion, after judgment, is to vary the judgment, and this can only be done by a court authorized to revise the judgment on appeal or to

review the cause.    A judge at Special Term has no such power.  (1 Barb. Ch. Pr., 376, 377.)

In legal actions, the court may, upon motion, amend the judgment record by increasing or lessening the amount of costs entered therein, or it may strike them out altogether; but it has never had such power over a judgment in an equity suit, and has not now, unless it obtains it under section 385, and it seems to me quite obvious that no such power was ever intended to be conferred on a judge at a Special Term.

It was held in *Pratt* v. *Ramsdell* (16 How., 60), that in foreclosure cases the plaintiff was not entitled to costs, as of course, that they were in the discretion of the court. That the provisions of the Revised Statutes, as to tender, do not apply to foreclosure cases; that the defendant may, however, tender the amount due, and as costs are usually allowed to the plaintiff in such cases, he should also tender costs, and then the court would, on the application of the parties, determine the question of costs; and if an extra allowance was desired (which can only be allowed after judgment), the court might permit the plaintiff to enter judgment for the sums tendered, and thus enable him, if otherwise entitled, to obtain the allowance.  In this way the discretionary power of the courts in equity cases would be preserved. (*Bartow* v. *Cleveland*, 16 How., 364.)

It was and is competent for the defendant in an equity action to offer to the plaintiff the money, property or relief, which he concedes the plaintiff is entitled to, and this offer might very properly be considered in determining the question of costs, but it could not control the discretion of the judge.  A tender under the Revised Statutes, and an offer under the Code, admit of no discretion; costs must be awarded in accordance with the provisions of the statutes.

The offer provided for by section 385 is but an enlargement of the provisions of the Revised Statutes relating to tender. (2 Statutes at Large, 574, § 20 to 24.)  It may have been intended to embrace equity actions.  The offer must be that the plaintiff may take judgment for the sum or property or to the effect

therein specified. A sum of money is the relief sought in all actions for breaches of contract (when a specific performance is not demanded), and in all actions for injuries to person, property or character. Property is sought in replevin and in ejectment.

These are substantially all the common law actions that can be brought, and hence it would seem that the offer to take judgment "to the effect therein specified," must apply to equitable actions. It may, of course, be applied to proceedings by mandamus and *quo warranto*, and actions and proceedings of that nature, and I would feel constrained to hold that it applied to equitable actions, could it be applied consistently with the other provisions of the section, and not overturn the wise provision of the statute, that vests a discretion in the courts over the costs in that class of actions.

For these reasons I think the order of the Special Term should be affirmed with ten dollars costs.