HENRY M. WOODFORD, APPELLANT, *v.* ELIZABETH BUCKLIN, IMPLEADED, ETC., RESPONDENT.

*Judgment — costs included in — when they may be stricken out upon motion — Distinction between actions in equity and at law.*

Where an action in equity has been referred, and the referee has made a report in which he has passed upon the question of costs, in accordance with which report the costs have been taxed and a judgment entered, the Special Term has no power to strike such costs therefrom upon motion ; the remedy of the party aggrieved is by an appeal from the judgment.

In actions at law the rule is different, and the court may in such actions, amend the judgment by increasing or decreasing the amount of costs included therein, or it may strike them out altogether.

APPEAL by plaintiff from an order of the Special Term, denying a motion to set aside the taxation of costs in this action by the clerk of Herkimer county, and the entry of such costs in the judgment in favor of the defendant Elizabeth Bucklin against the plaintiff.

The action was in the nature of a creditor's bill to set aside certain conveyances. All the defendants appeared by the same attorneys and set up in one answer their respective defenses. The issues were referred to A. C. Miller, Esq., as sole referee, to hear and determine. His report found the conveyances to be fraudulent and void as to the two male defendants, and that Elizabeth Bucklin " had no notice of the fraudulent intent of her immediate grantor, or of the fraud which rendered void his title." He also decided that " The plaintiff may recover his costs and disbursements in this action as against the defendants, George R. Bucklin and George N. Bucklin, and the defendant, Elizabeth Bucklin, may recover her costs and disbursements in this action against the plaintiff."

The report was filed and a judgment entered in accordance therewith, and the clerk taxed and entered the costs and disbursements of Elizabeth Bucklin in the judgment in her favor.

No appeal has been taken from the referee's findings and decision, or the judgment entered thereon.

The Special Term refused to order the taxation set aside or to strike out the costs.

*A. Hazeltine, Jr.*, for the appellant.

*Link & McEvoy*, for the respondent.

HARDIN, J.:

Confessedly this was an equity action. It was referred to a referee to hear and determine, and his report passes upon the question of costs. Part of his decision awards costs to the defendant, Elizabeth Bucklin, and his report stands undisturbed. The costs were in the discretion of the trial court. That discretion cannot be reviewed, except upon an appeal from the report. (*Stevens* v. *Veriane*, 2 Lans., 90.) That was an equity action and heard before a referee. MULLIN, P. J., in delivering the opinion of the court, said: " The referee was bound to determine who should pay the costs, and if he did not mean to give full costs, then it was his duty to fix the amount. He did what was his duty to do." To alter the adjudication as to costs, upon motion after judgment, is to vary the judgment, and this can only be done by a court authorized to revise the judgment on appeal or to review the cause. A judge at Special Term has no such power. (1 Barb. Chy. P., 376; see *Pratt* v. *Ramsdell*, 16 How., 60.) In *Staiger* v. *Schultz* (3 Abb. [N. S.], 377), decided by the Court of Appeals in 1867, it was held that in causes of an equitable nature, it is discretionary with the court in which the action is brought to grant or refuse costs, and section 306 of the Code was held to give that power in equity actions. Judge BOCKES says, in that case: " The right had been exercised by courts of equity from time immemorial, and was always deemed essential to the proper exercise of equity jurisdiction." (Section 306 of the Code.) The decision of the referee as to costs stands as the decision of the court where he is to hear and determine. (Section 272, sub. 2.)

The learned counsel for the appellant cites *Beattie* v. *Qua* (15 Barb., 132), where it was held that this court could not review the taxation of costs upon an appeal from the judgment of the County Court, and that if the party had any grievances as to

the items of costs, he should apply to the County Court upon motion. That was a law action, and has no application to the question before us.

Judge MULLIN, in *Stevens* v. *Veriane* (*supra*), very properly says: "In legal actions the court may upon *motion* amend the judgment record by increasing or lessening the amount of costs entered therein, or it may strike them out altogether, but it has never had such power over a judgment in an equity suit." Much less has the clerk power to disregard the decision of the court or referee as to costs in cases where the court has a discretion as to costs, and it was held in *Chapin* v. *Churchill* (12 How., 367), that the clerk could not disregard the decision of the court as to costs, even in a law action where the direction was erroneous.

The clerk properly followed the decision of the referee when he taxed and inserted in the judgment the costs of the defendant, Elizabeth Bucklin, and the Special Term properly refused to strike them from the judgment upon the motion made by the plaintiff. (Code, 306, and cases cited, *supra*; see, also, *Dana* v. *Howe* 13 N. Y., 306; *Lindslay* v. *Deafendorf*, 43 How., 90.)

The order of the Special Term should be affirmed, with $10 costs and disbursements.

TALCOTT, P. J., and SMITH, J., concurred.

Order affirmed, with $10 costs and disbursements.