CHRISTIAN W. H. SCHROETER, Appellant, v. FREDERICKA SCHROETER, Respondent.

*Matrimonial actions—power of the court on an application for judgment on the report of a referee— Code of Civil Procedure, § 1229—Rule No. 83.*

Upon the hearing of a motion for leave to enter judgment upon the report of a referee, appointed to hear and determine the issues in an action for divorce, on the ground of adultery, the court cannot set aside the report, on the ground that the evidence is insufficient to sustain the findings, and direct a judgment to be entered in favor of the party against whom the referee awarded a judgment.

The legislature, by requiring by section 1229 of the Code of Civil Procedure, that the judgment in matrimonial actions, where a reference of the issues has been ordered, must be rendered by the court, did not intend to authorize the court to examine the evidence, and to render such judgment as it should justify, but only required the approval of the court as a safeguard against irregularity, fraud or collusion.

Appeal from an order made at Special Term, denying a motion to confirm the report of a referee, and for leave to enter judgment thereon in favor of the plaintiff, and directing the entry of a judgment in favor of the defendant, and also from an order settling the previous order and denying a motion for a re-argument.

This action was brought to procure a divorce on the ground of adultery. The defendant appeared and answered, her answer being a general denial. All the issues were referred to Frank Reynolds, Esq., as referee, to hear and determine. The referee found in favor of the plaintiff. Formal exceptions to the referee's report were filed.

A motion, made to the court, to confirm the report of the referee and for judgment thereon, was denied, and the "report set aside for insufficiency of evidence."

*Hugo Hirsh*, for the appellant.

*Stephen B. Jacobs*, for the respondent.

Gilbert, J. :

The order directing a judgment for the defendant is in direct conflict with a previous decision of this court upon the same question,

made at Special Term, in ·Kings county, in the case of *Conger* v. *Conger*, but not reported. The court in that case held as follows: " The Code of Civil Procedure (§ 1229) requires that the judgment in actions of this kind, after a trial before a referee, must be rendered by the court. Literally construed, that would require the court to examine the evidence and to render such judgment as the evidence justified. But I think that was not the intention of the Legislature. It seems to me, that the purpose of the Legislature was to require the *fiat* of the court as a safeguard against irregularity, collusion and fraud, and that it did not intend to provide an additional review of the decision of the referee upon questions of fact, or to require that the actual trial of the issue should be had, partly by the referee and partly by the court, or that the determination of the issue should be withdrawn from the referee. Such a construction would be incompatible with other provisions of the Code. The mode of reviewing the decisions of referees is clearly pointed out, namely, by appeal. (§§ 992, 994, 997, 1002.) The provisions relating to the trial are equally explicit. (§§ 1011, 1012, 1016, 1018, 1022, 1023, 1228.) Then comes section 1229, which requires that the judgment must be rendered by the court. The act here indicated by the word " rendered," is that of conferring upon the clerk the requisite authority to enter the judgment directed by the referee. This practice is a substitute for a similar requirement contained in the former rule 87, and the present rule 83. (See Throop's Notes to §§ 1229, 1012.) The court is not, I think, authorized to substitute another judgment for that directed by the referee. If, for any reason, the proceedings before the referee do not warrant the entry of a judgment conformably to his decision, no judgment can be rendered, and the motion for judgment must be simply denied, and the party who desires further relief must make an application therefor." The same construction was given to section 1229 of the Code, by VAN VORST, J., in *Anonymous* (3 Abb. New Cas., 161).

In *Meyer* v. *Meyer* (7 Weekly Dig., 535), the General Term, in the Third Department, held that it was error to render judgment in a divorce case, contrary to the decision of the referee, when the action being at issue was referred to take proofs and report with

his opinion, and that without findings, no judgment could be entered. (See also *Coe* v. *Coe*, 37 Barb., 232.)

Upon a review of the subject, we think that the decision in *Conger* v. *Conger* was correct. The case before us shows the incongruity of allowing a judge, who has not tried the case, to decide it. The referee's findings of fact and conclusions of law have been set aside, and none have been put in their place. There is no provision authorizing the court to make findings of fact and conclusions of law, on a trial by a referee. On the contrary, that duty has been cast exclusively upon the referee. (Code Civ. Pro., § 1022.) Indeed, a referee, in respect to the trial, is vested with the powers of the court. (Id., §§ 1016–1018.) His report stands as the decision of the court. (Id., § 1228.) On what principle, then, can the court render a judgment contrary to the decision? Furthermore, how can the party against whom the judgment is rendered review the decision? One cannot except to a decision in his own favor, and without an exception no review of the decision can be had. An appeal may be taken from the judgment. But the judgment roll would present no findings, conclusions of law or exceptions, consequently there would be nothing to review. If the findings of fact and conclusions of law of the referee should be restored, the only effect would be to show that a judgment had been rendered contrary to the decision of the court. An order directing such a judgment certainly ought not to stand. Nor can an order directing a judgment after a trial of the issues, without findings of fact or conclusions of law, be upheld. There is no necessity for a discussion of the practice governing trials by jury of special issues, for there is no analogy between such practice and that applicable to references to hear and determine the issues in an action. Verdicts in the former class of trials are merely ancillary to the decision, while the report of a referee in the latter class stands as the decision itself.

The order dated June 5, 1880, which directs a judgment for defendant, should be reversed, with $10 costs and disbursements.

The appeal from the order dated the same day, made after a reargument, should be dismissed without costs.

BARNARD, P. J., and DYKMAN, J., concurred.

Order directing judgment for defendant reversed, with $10 costs and disbursements.

Appeal from order upon re-argument dismissed, without costs.