PETER H. YOUNG, Appellant, *v.* CAROLINE C. CUDDY AND SARAH LINDERMAN, Executrices, &c. of SAMUEL McLAUGHLIN, Deceased, Respondents.

*Reference of disputed claims against an estate—power of the court to set aside a judgment on a motion made upon a case—2 R. S., 88, §§ 36, 37.*

Where a judgment has been entered upon an order confirming the report of a referee, to whom disputed claims against an estate have been referred in pursuance of sections 36 and 37 of 2 R. S., 88, the court may, upon a motion made upon a case prepared and settled as required by the Code of Civil Procedure, set aside the judgment and grant a new trial.

APPEAL from an order made at Special Term, setting aside a referee's report, vacating a judgment entered thereon, and directing a new trial. The plaintiff's claim against the defendant's decedent was referred under the statute. The referee reported in favor of the claimant. No motion was made to confirm the report, but a motion was made by the representatives of the estate to set it aside. This was denied, and the report was thereupon formally confirmed and judgment entered thereon. The defendants then procured the settlement of a case containing exceptions, and moved for and obtained the order now appealed from.

*William J. Groo*, for the appellant.

*M. H. Hirschberg*, for the respondents.

GILBERT, J. :

References of disputed claims against executors, pursuant to 2 R. S., 88, 89, §§ 36, 37, are "special proceedings." (Code Civ. Pro., §§ 3333–4.) The provisions of the Revised Statutes regulating such proceedings have not been repealed by the Code of Civil Procedure. The general practice prescribed by the latter statute, relative to trials before referees, applies to the proceedings in this case. Such is the express provision of section 37, cited. In addition, that section provides that the court may set aside the report of the referees, or may confirm it. In the case before us the report was confirmed and judgment was entered thereon. Then a case was made in accordance with the practice prescribed by the Code of Civil Procedure, and a motion was made thereon to set aside the report and the proceedings subsequent thereto, and for a new trial. The motion was granted. The practice thus pursued seems to have been necessary to preserve the legal rights of the parties. For upon a motion to confirm the report of referees in a proceeding like that before the court, a review of ·the report upon the evidence is not usual or proper. (*Eaton* v. *Benton,* 2 Hill, 578.) A judgment follows, of course, upon the confirmation of the report. Nor could a judgment contrary to the report be rendered. (*Coe* v. *Coe,* 37 Barb., 232.) An appeal from the judgment without a case would have been ineffectual. The first section of chapter 270 of the Laws of 1854 provided for appeals from any judgment, order or final determination in special proceedings made at a Special Term. Under that statute it was held that a motion to set aside the referee's report was necessary, before an appeal could be taken from the judgment. (*Somerville* v. *Crook,* 9 Hun, 666.) But that necessity, if it ever existed, ceased when section 1 of chapter 270 of the Laws of 1854 was repealed. (L. 1877, ch. 417, § 28.) To obtain a review of the report, therefore, a case containing· exceptions, made conformably to the Code of Civil Procedure, was necessary. (§§ 994, 997.) An appeal may now be taken from the judgment (Code Civ. Pro., § 1346), and the case, on being annexed to the judgment-roll, would be brought up by such appeal. The practice indicated would have been regular in the instance before us. Still, the power to set aside the report given by section 37

of the Revised Statutes cited, remains, and as an incident thereof, the power to vacate the judgment exists. While, as a general rule, those powers should not be exercised, but parties should be required to pursue the prescribed practice, yet, as justice was promoted by the order appealed· from, we think it should be affirmed without costs.

Dykman, J., concurred; Barnard, P. J., not sitting.

Order setting aside referee's report and granting new trial affirmed, without costs.