FRANCIS RAYNOR, RESPONDENT, v. JOHN A. LAUX, AS EXECUTOR, ETC., OF CATHERINE MAYER, DECEASED, APPELLANT.

*Claim against the estate of a deceased person — the court may set aside the report of the referee — it may look into the evidence for a cause of action or defense — when the receipt of a note does not discharge the liability it is given to settle.*

The Special Term has power to set aside the report of a referee, to whom a disputed claim against the estate of a deceased person has been referred as provided by the statute.

As no pleadings are used in such proceedings the court will examine the proofs made by the parties, in order to ascertain the grounds of recovery or defense.

The defendant's testatrix guaranteed the performance of the covenants of a lease given by the plaintiff to her son, and agreed to pay any deficiency that might arise thereunder and fully satisfy its conditions without requiring any notice of non-payment or proof of demand. Subsequently two joint notes were given for rent due upon the lease, signed by the testatrix and her son. Upon a claim made against her estate the lease and notes were proved.

*Held,* that even if the estate of the deceased was not liable upon the notes for the reason that she had signed as a surety only, yet as it did not appear that the notes were received under an agreement that the testatrix should be discharged from liability upon her guaranty, that her liability under such guaranty continued and could be enforced after the maturity of the notes.

APPEAL from an order of the Erie Special Term setting aside the report of a referee in a reference, under the statute, of a disputed claim against the estate of Catherine Mayor, deceased. The claim was made under a lease, upon which the intestate was liable as a guarantor, and upon two notes signed by her and by the lessee and given for rent due under the lease. Upon the hearing, no objection was taken to the introduction in evidence of the lease and the guaranty thereof, which guaranty was executed by the deceased, and of the notes which were given to adjust the rent which had accrued under the lease.

*C. F. Taber,* for the appellant.

*Giles E. Stillwell,* for the respondent.

HARDIN, J.:

*Young* v. *Cuddy* (23 Hun, 249), is in point upon the practice adopted in this case, and we, following it, must hold that the Special Term had power to set aside the report of the referee and to order a new trial. See, also, *Coe* v. *Coe* (37 Barb., 232); *Radley* v. *Fisher* (24 How., 404); *Somerville* v. *Cook* (9 Hun, 665). *Bucklin* v. *Chapin* (1 Lans., 450) is an authority for saying that the proofs made by the parties are to be looked into for "the grounds of recovery or defense," as there are no pleadings in proceedings under the statute to establish claims against estates. So, too, is *Woodin* v. *Bagley* (13 Wend., 452). March 22, 1875, the testatrix, at the request of her son, Christian Mayor, who took a lease from the plaintiff, for a valuable consideration recited, indorsed upon the

lease a guaranty of performance of the lessee's covenants, and in the guaranty bound herself to pay the rent, and also promised in the following words, viz. : " I do hereby promise and agree to pay to Frank Raynor any deficiency and fully satisfy the conditions of the said agreement, without requiring any notice of non-payment or proof of demand being made."

She thus became absolutely bound to pay the rent if the lessor defaulted. (*Vinal* v. *Richardson*, 13 Allen, 521; *Knowles* v. *Cuddeback*, 19 Hun, 592.)

Subsequently she joined with her son in giving two promissory notes upon time, which were produced upon the trial, and which notes were referred to in the claim filed, and were assumed and proven upon the trial to represent the rent which accrued under the lease and guaranty.

It is now urged by the learned counsel for the defendant that, by the death of his testatrix, the notes were not binding upon her estate, as she was a mere surety upon the lease, and in settlement of such liability joined in the joint notes given to secure the rent, and that, as the notes were joint, her estate was discharged, and we are referred to *Getty* v. *Binsse* (49 N. Y., 385); *Risley* v. *Brown* (67 id., 160); *Davis* v. *Van Buren* (72 id., 589); *Johnson* v. *Harvey* (84 id., 365).

And, under the doctrine found in those cases, it may be conceded that the estate was discharged, as between it and the creditor, from liability upon the notes by her death. Assuming such to be the effect, we are to consider whether the notes worked an extinguishment of her liability upon her guaranty. In the case, there was no evidence to establish that the notes were received under an agreement that they should discharge the liability of the guarantor. Her liability could not have been enforced until the maturity of the notes. (*Herring* v. *Sanger*, 3 Johns. Cases, 71.)

The creditor was entitled to enforce the original liability upon the lease and guaranty, and upon enforcing such liability, surrender the notes. (*Tobey* v. *Barber*, 5 Johns., 68; *Van Eps* v. *Dillaye*, 6 Barb., 244; *Gibson* v. *Toby*, 53 id., 191; S. C., 46 N. Y., 637.)

It follows from what has been said that the referee was in error in holding, as a conclusion of law, that the plaintiff was not entitled to recover for the rent in arrear under the lease and guaranty of

1875, " in the absence of proof of the insolvency of said Christian Mayor and of his said claimant's inability to collect from him the amount of the two notes," and the Special Term properly set aside the report and directed a new trial. ·

We should affirm the order, with costs of this appeal.

Order affirmed, with costs to abide the final decision in the action as to costs.

SMITH, P. J., and HAIGHT, J., concurred.

Order affirmed, with costs of this appeal to abide the final direction in the proceedings as to costs.