# SUPREME COURT.

## DANIEL L. COUCH, as assignee, &c., agt. GEORGE M. MIL-LARD *et al.*

*Costs—In equity action—In the discretion of referee—Special term no power to overturn his conclusions—Code of Civil Procedure, sections 3238-3253—Additional allowance—When should be made—Rules applicable to.*

In an action brought by an assignee to set aside a chattel mortgage given by a judgment debtor to defendants as security for $26,000 of acceptances made by defendants for the mortgagors—said chattel mortgage covering a large quantity of lumber, machinery, &c.; the assignee seeking to compel defendants to account to him for the property taken by them under said mortgage, a reference being had, the costs of the action are in the discretion of the referee, and after the exercise of such discretion it is not within the province or power of the special term to overhaul and overturn his conclusions.

His decision as to costs cannot be disturbed except by an appellate court having power to review the case upon its merits.

Where an assignee assaulted a security held by defendants to indemnify them against accommodation liabilities, assumed for the assignors and sought to strike it down as fraudulent and void, and failed in the principal purpose of his bill and was charged with costs payable "first out of the fund;" on motion for an extra allowance on the part of defendants, on the ground that the case was difficult and extraordinary:

*Held*, that the principles stated in *Burke* agt. *Candee* (63 *Barb.*, 552) are applicable to this case and that an extra allowance should be made.

Couch agt. Millard *et al.*

*Held, further,* that as the principal subject matter of the litigation was the chattel mortgage of $26,000, and that having been sustained by the referee, upon that it is proper to make the allowance.

*Held,* also, that three per cent. on the $26,000 is a suitable sum to compensate the parties for the expenditures of skill, labor and professional ability required by the protracted trial.

*Oneida Special Term, December,* 1885.

MOTION for an extra allowance on the part of defendants, on the ground that the case was both difficult and extraordinary.

It was brought to set aside a chattel mortgage given by Millard, Underwood & Co., to the defendants, on the 1st of December, 1875, as a security for $26,000 of acceptances made by defendants for the mortgagors; the chattle mortgage covered a large quantity of lumber and machinery and other property, and plaintiff sought to compel defendants to account to the plaintiff as assignee for the property taken by them under said mortgage. After issue joined, a reference was had to W. G. Robinson, esq., who heard the case in Oswego, Poughkeepsie and New York cities, and spent some twenty days in hearing and 210 days in deciding the case, as he certifies; he certifies that the case was both difficult and extraordinary. The referee held the chattle mortgage a valid security in the hands of defendant, and took an account of the property covered by the mortgage and taken by defendants, and found due from defendants $6,808.97 — surplus remaining in the hands of defendants.

Plaintiff's brief contained about "fifty pages closely written matter and his proposed findings of fact and law about twenty-eight pages, closely written pages, of legal cap."

Plaintiff asked the referee to find the mortgage fraudulent as against creditors and to order it cancelled and set aside, and defendants required to pay plaintiff $30,489.70 and interests and costs, and that sales made by defendants are illegal and void. The referee refused such requests. Plaintiff, in his argument before the referee, demanded costs.

Defendants used an elaborate brief before the referee bristling

with citations or authorities and cases, and covering twenty-four pages, devoted to the legal questions in respect to the validity of the mortgage, and some four pages as to the accounting.

The referee sustained the validity of the chattel mortgage and dismissed the complaint, so far as it "demands that said chattel mortgage be cancelled and set aside as fraudulent and void," and ordered judgment against the defendants "as upon an accounting for said sum of $6,808.97, with costs and disbursements in the action, both of *said plaintiff and said defendants* to be chargeable to and *to be first* paid out of the said fund, that may come to the said plaintiff in his representative or trust capacity by virtue of any judgment in this action."

Judgment has not been entered. It was conceded on the argument, that the case was difficult and extraordinary. The papers used fully show such a case. The total debit side of the account of lumber and property, as appears by the report of the referee, is $41,396.31; credit side, $36,891.96.

*W. N. Poucher & D. W. Gurnsey*, for motion.

*George W. Parkhurst*, opposed.

HARDIN, J.—Costs of this action were in the discretion of the referee, and he has passed directly upon the question as one within his discretion (*Code of Civ. Pro.*, sec. 3230; *Chipman agt. Montgomery*, 63 *N. Y.*, 221; *Gomley agt. Campbell*, 66 *id.*, 169; *Lawrence agt. Lindsay*, 68 *id.*, 108; *Blank agt. Obrien*, 23 *Hun*, 82).

After the exercise of such discretion by the referee, it is not within the province or power of the special term to overhaul and overturn the conclusion of the referee (*Stevens agt. Verianc*, 2 *Lans.*, 90; *Woodford agt. Bucklin*, 14 *Hun*, 444; opinion of HARDIN, J., and cases cited therein; *McLean agt. Stewart*, 14 *Hun*, 476; opinion HARDIN, J., and cases cited therein).

Whether this case fell within the case of *Ten Eyck agt. Holmes* (3 *Sand. Ch.*, 428) and other kindred cases or not, was a question for the referee to consider and decide, and his conclusion

must be accepted until disturbed by an appellate court having power to review the case upon its merits, and the decision of the referee in regard to costs (*Woodford* agt. *Bucklin* [*supra*].

In *Burke* agt. *Candee* (63 *Barb.*), I had occasion to state the rules applicable to applications for an extra allowance in difficult and extraordinary cases, and notwithstanding the adoption of the Code of Civil Procedure since that decision, the general principles then laid down remain. That case has been approved, cited and followed several times (21 *Week. Dig.*, 47; 31 *Hun,* 403; 48 *How.*, 413).

Adopting the principles there laid down, nought remains in this case to be done, except to make an application of them to the case in hand.

It is very apparent that this case was both difficult and extraordinary, and required care, skill, ability and patient industry to be bestowed in its trial before the referee, and in presenting properly the law and facts in arguments to the learned referee.

The proofs are very clear that much professional time and skill were bestowed upon the case. Therefore, an allowance suitable and commensurate with the skill and service bestowed should be allowed, in order to meet the provisions of law in that regard. It is very properly suggested by the learned counsel for the plaintiff that such applications are addressed to the discretion of the court. Indeed, that was held in *Hurd* agt. *Farmers' Loan Co.* (16 *Week. Dig.*), and in the *exercise of discretion* the court said a proper case therein had not been made for an allowance.

Here, an assignee assaulted a security held by defendants to indemnify them against accommodation liabilities assumed for the assignors, and sought to strike it down as fraudulent and void. He failed in the principle purpose of his bill, and within cases not unfamiliar, he has been charged with costs payable "first out of the fund."

No good reason is furnished for withholding the application of the principles stated in *Bank* agt. *Sand* (*supra*). The principle

subject matter of the litigation here was the chattle mortgage of $26,000. That has been sustained by the referee. Upon that mortgage it is proper to make the allowance. It is not easy to say just what sum shall compensate the parties for the expenditures of skill, labor and professional ability required by the protracted trial. But upon the proofs before the court, together with the concessions made upon the argument, the conclusion is reached that three per cent. on $26,000 will be suitable.

An order to that effect may be served and, if the form is agreed to, entered in Oswego, if not assented to in form it may be settled before me on two days' notice, after service of a copy of this opinion.