Matthew M. Levy, J.
The plaintiff sued for damages for personal injuries sustained, as alleged, solely because of the defendant’s negligence. On consent, the cause was referred by Trial Term to be heard and determined by a named Special Referee who had been duly generally appointed as such by the Appellate Division. After trial, the Referee came to the conclusion that the defendant had not been negligent and that the plaintiff had not shown that she was free from contributory negligence ; and he directed that the complaint be dismissed on the merits. Judgment accordingly was entered in the defendant’s favor.
The plaintiff now moves at Special Term ‘‘ for an Order setting aside the decision as aforementioned, amend the findings of fact and conclusions of Law, and if necessary, take additional testimony and make new findings and conclusions and render a new decision herein on the ground that the decision * * * was contrary to the weight of evidence, pursuant to Section 549, et seq. of the Civil Practice Act and 60 A of the Rules of Civil Practice * * * ”. No newly discovered evidence is submitted or even suggested. The sum total of the plaintiff’s position (as presented in her attorney’s supporting affidavit — the sole data now before me) is that the learned Special Referee was wrong-in arriving- at the determination that he did.
Under these circumstances, it is quite clear that I cannot set the decision aside. The Referee here was delegated not to hear and report, not to hear and recommend, but ‘ ‘ to hear and determine”. That being so, the Referee’s determination — duly rendered after trial and with appropriate jurisdiction — cannot be vacated by me. “ The practice of moving for a new trial for errors committed during the trial, or that the verdict is against the weight of evidence, prevailing in jury trials, has no application to references to hear and determine the issues ”. (Cooper on Referees, p. 152.) Albany Brass & Iron Co. v. Hoffman (30 App. Div. 76) was substantially similar to the problem at hand; there, upon stipulation of the parties, an order was entered that the action and all the issues therein be referred to a named Referee to hear and determine the same. After judgment, a motion was made at Special Term to vacate it, and to send the action back to the Referee with directions to proceed with proof of the issues thereof. This motion was denied, the court observing (p. 77): “ Upon a reference of all the issues *562 the referee takes the place of the court, and in the trial of the cause has substantially all the powers of a court at Special Term or Circuit. (Schuyler v. Smith, 51 N. Y. 309; Morange v. Meigs, 54 id. 207; Code, § 1018.) Any errors made by him in the course of the trial are reviewable the same as upon a trial before the court. The report of the referee stands as a decision of the court. (Code, § 1228.) If, therefore, the referee erred in denying the plaintiff’s motion to dismiss the counterclaim, the plaintiff’s remedy is by appeal. The Special Term had no power to review the action of the referee.” (To the same general effect see Dana v. Howe, 13 N. Y. 306; Enos v. Thomas, 5 How. Prac. 361; Baylies on New Trials & Appeals [3d ed.], p. 4.)
The application before the court must therefore be, and it is hereby, denied. When, on the argument, I indicated my tentative view —now definitive — that it was not within my judicial province to review the determination of the Referee, the proponent of the motion suggested that the application be referred to the Referee who had made the determination complained of — for his consideration and resolution. The opposition to the motion objected to the reference. I expressed the thought that the matter would be referred if there were power in the Referee to pass upon the motion without consent of the parties. It is that issue which I shall now decide.
The Special Referee in the instant matter received a general appointment from the Appellate Division in this department “ to hear and determine such actions or proceedings as may be assigned to him from the calendar of Trial or Special Term, upon written stipulation of the parties signed by their attorneys, or on oral consent in open court.” (See N. Y. L. J., Dec. 20, 1955, p. 2, col. 1.) Such was the stipulation and consent warranting, in the first instance, the submission of the case to the Referee here and his disposition of it. Does he have power now to pass upon the present application — absent such stipulation or consent? I think not.
No mention is made of “ special ” referees in the Constitution of the State of New York, in the consolidated or general laws of the State, or in the Civil Practice Act. Clearly, they are not ‘‘ official ’’ referees, for these latter judicial officers are provided for in the Judiciary Law, with a complete itemization of their jurisdiction, including (in recent years) the power to “ entertain and grant motions for a new trial”. (Judiciary Law, § 117.) While a number of statutes provide for the appointment of other than “ official ” referees in certain cases and prescribe their authority (see e.g., Civ. Prac. Act, § 80), *563 such referees are given no statutory warrant ‘ ‘ to entertain and grant motions for a new trial”, as has been given to official referees under section 117 of the Judiciary Law. And power of this nature can, I think, be had only by statute. That being so, I am of the view that the consensual authorization of the Special Referee in this matter was exhausted and at an end when he rendered his decision. Appeal is all that remains to the party aggrieved. Language apposite may be encountered in Corr v. Hoffman (256 N. Y. 254, 268): “ The referee had heard and determined the issues. His determination was embodied in a report and decision which carried direct and immediate legal consequences. His judicial functions had been completely performed. His judicial authority was then exhausted. He could not thereafter reconsider and change his judicial determination of the issues referred to him. Except in so far as the ‘ supplemental ’ decision corrected palpable errors in the form of the findings, intended to embody the original determination of the referee, the supplemental decision was made without power and was without effect. The original decision with its erroneous conclusion remained in full force until corrected or set aside upon appeal. No judgment which failed to conform to that decision could properly be entered, even though a judgment which did so conform would have been tainted with the errors inherent in the decision.”
I have held that a ‘ ‘ special referee ’ ’ does not have the power of an “ official referee ”. The cases heretofore cited by me determine the extent of the jurisdiction of so-called “ private referees ”. It may well be that “ special referees ” — such as the learned and experienced former Justice of this court to whom this matter was submitted — who now render great public service in aid of the court’s endeavor to minimize the delay presently existing in the disposition of certain of our litigated cases — are a new type of judicial officer, to whom the old restrictions should not apply. There are cogent arguments on either side. I do not here express any view as to that. I do think that if there be need or justification for the delegation of such enlarged capacity in the special case of “ special referees ”, the province so to act is that of the Legislature. It is worthy of note that, previous to the amendment of section 549 of the Civil Practice Act by chapter 218 of the Laws of 1951, even a judge of constitutional jurisdiction presiding at a trial without a jury had no authority to grant a motion for a new trial, or to change or modify his decision (except to correct clerical or other formal errors). (See Seventeenth Annual Report of N. Y. Judicial Council, 1951, p. 186.) That power *564 is now granted to the judge by the section as amended. The Legislature, however, has not seen fit to grant the same competence to referees other than official referees (Judiciary Law, § 117), and, until such statutory authorization is conferred by the law-making body, the only remedy available to the losing-party is — as I have said — by way of appeal from the judgment entered upon the Special Referee’s decision.