J. Irwin Shapiro, J.
This is an application for an order “ to reargue the decision of Referee Tessler dated September 4th, 1958, and upon such reargument, to grant a motion, and to recall the decision, and to continue on with the trial pursuant to Rule 102 and 105 of the Rules of Civil Practice and Sections 192 and 278 of the Civil Practice Act, or in the alternative; to adjourn the trial unless the defendants will immediately consent thereto, to allow the plaintiffs to bring in the First Baptist Church, the spiritual body and the First Baptist Church Inc., as represented by the defendants as party defendants, and to serve all the unserved defendants as alleged deacons and alleged trustees and all other necessary parties, if any, and then to continue on with the trial pursuant to Section 292 of the Civil Practice Act and Mannaberg v. Culbertson, 35 N. Y. S. 2d 642 aff’d 265 App. Div. 922; and in the meantime to stay all proceedings on the part of the defendants and/or continue the temporary injunction granted by Judge Kusnetz dated July 10, 1958 until plaintiffs can bring in the above parties and continue on with the trial; and in the alternative to stay all proceedings on the part of the defendants to keep the plaintiff Burrus in the pulpit and parsonage pending the hearing and determination of the appeal, if plaintiff should be so advised, from Referee Tessler’s decision of September 4, 1958 and judgment to be entered thereon, or should plaintiffs be so advised until the plaintiffs start a new action bringing in all alleged necessary and indispensible parties defendants provided it be done within 30 days from the date of entry of judgment and service of judgment with notice of entry upon [he attorneys for the plaintiffs. ’ ’
It is unnecessary to consider the merits of the decision made by Referee Harold Tessler, which in effect dismissed the complaint of the plaintiff Lloyd A. Burrus, because this court has neither the power to pass upon the propriety of that decision nor to refer it back to the Referee for reconsideration. (Casiano v. Dukas, 2 Misc 2d 560.)
Under section 469 of the Civil Practice Act, the jurisdiction of a private or special referee to determine issues terminates upon the filing of his decision, and he does not have the authority which section 552 gives the court to hear motions for a new trial and to amend his findings or make new ones.
The balance of the application, to wit: “ to stay all proceedings on the part of the defendants ”, to “ keep the plaintiff *612 Burras in the pulpit and parsonage pending the hearing and determination of the appeal ” or “ until the plaintiffs start a new action bringing in all alleged necessary and indispensible parties defendants provided it be done within 30 days ’ ’ is denied.
The stay contained in the order to show cause which prevented the entry of judgment upon the decision of the Referee “ pending the hearing and determination of this motion and the order to be entered thereon ” is vacated and the defendants permitted to proceed with the entry of judgment.
The argument of this matter was concluded before this court at 1:00 p.m. today, Friday, and it became known to the court therefrom that the defendants intend to hold church services this coming Sunday.
In view of that fact this matter is being given immediate consideration, and the signature of the court hereon shall be deemed the making and entry of an order on this decision. Either party, however, will be privileged to submit a long-form order reciting the moving and opposing papers on this decision.