## SUPREME COURT.

### VAN SICKLER agt. GRAHAM AND OTHERS Adm'rs, &c.

Where administrators successfully litigate a claim against the estate, referred under the statute, they are not entitled to an additional allowance or per centage. They are not entitled to *costs* given by the Code, only to disbursements, and of course not to an additional allowance.

*Quere?* Whether costs can be allowed in such case under the old fee bill.

*Dutchess Special Term, November* 1852. Van Sickler presented a claim against the estate represented by the defendants

Van Sickler agt. Graham and others.

which claims they disputed; and it was referred pursuant to the statute to three referees. A hearing was had which lasted two days, both parties examining witnesses. After the administrators had closed their testimony, Van Sickler withdrew his claim and " submitted to a nonsuit." The administrators now apply for allowance, or per centage, under § 307 and 308 of the Code.

G. G. REYNOLDS, *for Administrators.*

E. A. BREWSTER, *for Van Sickler.*

BARCULO, Justice.—It would be a matter of course to allow a per centage in this case, if I was satisfied that the administrators are entitled to costs under the Code; for, by the rules adopted in this district at the general term in January last, it is provided, that " such allowances will be made whenever there has been a trial, and the parties have appeared and litigated the question in controversy." ·

But I am unable to discover any thing in the Code which gives the administrators any costs at all beyond disbursements. It is quite clear that, under the Revised Statutes, costs could be adjudged by the court (2 *R. S.* 89, § 37). But it is equally clear that this reference is not an *action,* within the definition of the Code; for it is not " an ordinary proceeding in a court of justice, by which a party prosecutes another party," &c.; nor is it commenced " by the service of a summons," as that act requires all civil actions to be commenced in a court of record ( § 127).

Again; the general provisions of the Code, contained in title ten of the second part, regulate costs only in *actions,* and do not refer to or alter costs in special proceedings pending in the Supreme Court. The defendants are not, therefore, entitled to the costs given by the Code, and, of course, can not claim the per centage, which may be allowed only in *addition* to the costs given by the Code.

Whether, in a case of this kind, costs can be allowed according to the old fee bill, is a question which I am not now called on to decide. The authors of the Code of 1851, seemed to suppose that costs could not be allowed at all, if we may draw an inference from an interpolation in § 317, which provides that " whenever any claims against a deceased person shall be refer-

red pursuant to the provisions of the Revised Statutes, the prevailing party shall be entitled to recover the fees of reference and witnesses, and other necessary disbursements to be taxed, according to law." This act, at any rate, secures to the defendants their disbursements, but they are not entitled to a per centage. Motion denied without costs.