G. F. WEISSE & Co. v. THE CITY OF NEW ORLEANS.

The employment of a printer by counsel to print their briefs at the expense of the clients, is a power implied from the relation of client and counsel.  C. C. 2969.  But the client will not be bound to pay for a greater number of copies than the rules of court require to be filed.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J. *Magne*, for plaintiffs and appellants.  *Wolfe*, for defendant.

VOORHIES, J.  This is an action brought by the plaintiffs to recover of the city of New Orleans the sum of $1,078, alleged to be for the printing of the two briefs of Messrs. *A. Grailhe* and *R. Preaux*, in the *McDonogh* case, entitled: *The State of Louisiana* v. *The City of New Orleans*.  The account of the plaintiffs annexed to and made a part of their petition, is as follows, viz:

City of New Orleans,
1852.					To New Orleans Bee,
March 31.	To printing brief of *A. Grailhe, Esq.*, estate of *McDonogh*, 326
		pages, at $3 per page,	-	-	-	-	-	-	$978 00
Brief of *R. Preaux, Esq.*, estate of *McDonogh*, price agreed on,		100 00

							$1,078 00

The defendant pleaded the general issue.  There was judgment rendered in favor of the plaintiffs for the sum of $651 50, from which they have taken the present appeal.  The appellee has not complained of the judgment.

The record shows that Messrs. *C. Roselius, R. Preaux, A. Grailhe* and *Randell Hunt*, were employed, as attorneys and counsellors at law, to defend the interest of the cities of New Orleans and Baltimore, under the will of the late *John McDonogh*.  The briefs of two of the counsel, Messrs. *Grailhe* and *Preaux*, were printed by the plaintiffs.  On the trial below, Mr. *Grailhe* testified that he considered it essential to the cause to prepare an argument. Knowing that the plaintiffs in this case were the printers for the city of New Orleans, he called upon them to have the brief printed at the expense of the city.  They agreed to do it, and the same was printed by them; he did not consult the city about printing the brief, for he thought he had an undoubted right to have it printed without consulting them ; he did not make any agreement in relation to the price of the work; he always understood it was to be settled between his client and the printer.  " Three hundred to three hundred and twenty-five copies of said brief were printed."  Mr. *Preaux* also · testified that the case being one of great importance, after consultation with his colleagues, and especially Mr. *Roselius*, it was thought proper to have a brief made and printed for the use of the court.  It was given to the plaintiffs to be printed for the account of the city; and in all cases where the city was interested, he always gave the briefs to be printed by the city printer, inasmuch as the Mayor and Treasurer had told him that he was fully authorized to do it, and that on his approving the bill for such printing, the same would be paid, and they have been paid, except in this case.  That two hundred and fifty copies of his brief were printed at the Mayor's suggestion.  From this, it is obvious that no express authority was given by the city of New Orleans to the attorney for the printing of these briefs.  The Civil Code, Article 2969, pro-

vides : "Powers granted to persons who exercise a profession, or fulfil certain functions, of doing any business in the ordinary course of affairs to which they are devoted, need not to be specified, but are inferrred from the functions which these mandataries exercise."

Although the right of counsel to have their arguments or briefs printed at the expense of their clients, may be conceded as an implied power, yet we think it is clear that such power must necessarily be limited to the accomplishment of the object designed; in other words, the client should not be taxed with the printing of more copies of briefs or arguments than are usually required in such cases under the rules of practice. It is clear, therefore, that the defendants cannot be made liable, in the absence of any agreement, beyond such amount. It appears to us that the judgment of the District Court, in this respect, has done ample justice to the plaintiffs.

It is therefore ordered and decreed, that said judgment be affirmed with costs.