Williamson-Stewart Paper Co., Appellant, *v.* William
Bosbyshell et al., Respondents.

January 2, 1884.

1. **Agency — Implied Powers of Attorneys.** — An attorney may by vir-
tue of his implied powers, bind his client by a contract for the printing
of briefs for use in an appellate court.

2. —— An attorney may make his clients jointly liable for the printing of
briefs when the expense to each client is not thereby increased.

3. **Practice-Evidence** — The printer need not show, in an action on such a
contract, that the number of briefs printed was no greater than the
number required to be filed in the cause.

4. **Presumptions.** — In such a case the courts will not presume that the cost
of printing ten copies of a brief is greater than the cost of four copies.

5. **Contracts** are, under the statute, joint and several.

Appeal from the St. Louis Circuit Court, Thayer, J.
*Reversed and remanded*

A. Moore Berry, for the appellant: An attorney, by
virtue of his retainer and general control over the cause,
has the power to order briefs printed, and his client will be
liable for the expense. — *Weisse v. New Orleans*, 10 La.
Ann. 46; Weeks on Attorneys, 379 ; Wait's Actions and
Defences, 438. An attorney at law has authority, by vir-
tue of his employment as such, to do, in behalf of his client,
all acts, in or out of court, necessary or incidental to the
presentation and management of the suit, which affect
the remedy only, and not the cause of action. — *Moulton v.
Bowker*, 115 Mass. 40. For further illustrations of this
rule see: *Clark v. Randall*, 9 Wis. 128 ; *Nelson v. Cook*,
19 Ill. 453; *Gorham v. Gale*, 7 Cow. 744; *Union Bank v.
Geary*, 5 Pet. 113 ; *Newberry v. Lee*, 3 Hill, 523; *Ostrich
v. Gilbert*, 9 Hun, 245 ; *Jenny v. Delesdernier*, 20 Me.
191. An attorney is vested with reasonable discretion in
the selection and use of the means to accomplish the object
of his employment ; and if the means enployed are such as

are customary or usual, or such as are proper under the circumstances of the case, the attorney will be held to have acted with reasonable discretion in the selection of such means, and his acts will be binding upon his client. — *Schcregge* v. *Bishop* (Minn.), 13 N. W. Rep. 194.

JOHN O'GRADY and W. C. JONES, for the respondents.

BAKEWELL, J., delivered the opinion of the court.

This action was begun before a justice of the peace The statement of the cause of action was as follows: —

WILLIAM BOSBYSHELL AND JNO. C. H. D. BLOCK.

As per order of MASON & GORDON, Attorneys,

*To* PIERCE BROS., *Dr.*

| | |
|---|---|
| To printing 90 pages of brief at 70 cents . . . . . . . . . . $63 00 | |
| Case No. 917.<br>N. J. Fairchild *v.* Masonic Hall Association, Wm. Bosbyshell, *Appellant.*<br>Case No. 887.<br>James J. Scanlan *v.* Masonic Hall Association, J. C. H. D. Block, stockholder, *Appellant.* | St. Louis Court of Appeals, October Term, 1877. |

This paper was indorsed as follows: —

" Messrs. Block & Bosbyshell, please pay the within account to Williamson-Stewart Paper Company.

"PIERCE BROS."

" For value received, we hereby assign, sell, and transfer the within account to Williamson-Stewart Paper Company.

"PIERCE BROS."

ST. LOUIS, March 2, 1882.

On trial anew, in the circuit court, the court, at the conclusion of plaintiffs' case, instructed the jury that, on the evidence, plaintiffs were not entitled to recover, and there was a verdict and judgment accordingly.

S. B. Gordon for the plaintiffs, testified to the following effect: He is, and was, in 1877, an attorney at law,

and a member of the law firm of Mason & Gordon, which
firm was employed by defendants to defend the suits of
Fairchild against Bosbyshell, and Scanlan against Block,
which were suits against defendants, as stockholders of the
Masonic Hall Association, and were heard together in the St.
Louis court of appeals.   After the cases were in the court
of appeals, witness employed Pierce Bros. to print a brief
in those cases.    Witness made a definite contract as to
price, etc., the exact terms of which he does not recollect.
The briefs were printed and delivered according to the
terms of the contract, and were filed and used in the cases
in the court of appeals.   There were twenty-six other cases
against the stockholders of the Masonic Hall Association
which were submitted with the Bosbyshell and Block cases,
and in which this brief was used.   The witness made out
a statement of all the fees and expenses in all these cases,
and then apportioned them equally among the defendants
in the different suits — twenty-eight in all — and presented
bills in favor of Mason & Gordon, for these different pro-
portions, to the different defendants in these cases.   Block
and Bosbyshell, and some others, paid up their proportions
to the attorneys, but no part of the money thus collected
was ever paid over to plaintiffs or to Pierce Bros.   The
briefs were not printed specially for these defendants, but
for counsel, to be used in all the cases.   The witness had
no special authority from either of defendants to have these
briefs printed.

Pierce, on behalf of plaintiffs, testified as follows: "I am
a member of the firm of Pierce Bros., printers.   About
January, 1878, Mr. Samuel B. Gordon told me that he
wanted me to make a bid on a brief.   I went to see him
about it, and, on examining the manuscript, found that the
brief would be quite a long one, and made him an offer to
print it for seventy cents a page.   He said, that, before
going further, he wanted it distinctly understood that the
payment was not to come out of the pockets of Mason &

Gordon, but that his clients were perfectly good men. I asked him who his clients were, and he said William Bosbyshell and John Block. I told him that was all right; they were perfectly good, and that it was usual to look to the client for pay for that kind of work. He told me to deliver the briefs to him, and he would see that his clients paid — that I might have to wait a little while, but it would be all right; I told him that was satisfactory. He then gave me the copy, and we printed the briefs and delivered them to him. Afterwards we assigned the account to the plaintiff, the Williamson-Stewart Paper Company, for value. The account has not been paid. The brief printed was ninety pages long, and, according to the contract I made with Mr. Gordon, it is worth sixty-three dollars, no part of which has been paid."

The plaintiff also introduced in evidence Rule IX. of this court, which is as follows : —

" Counsel on either side, in any case, shall prepare and file four copies of a brief, containing, first, a clear and concise statement of the pleadings and facts shown by the record; second, an enumeration, in numerical order, of the points or legal propositions made or relied on, accompanied by a citation of authorities supporting each proposition. To this may be added an argument, or statement of reasons, illustrating the application of the authorities cited, or otherwise conducing to the conclusion advocated by counsel. Every such brief must be on file at least one day before the cause is called for hearing."

There was no other testimony in the case.

The rule just set out has not been complied with by counsel for respondent in the present case, who has said nothing to us, either orally or in writing, in support of the action of the trial court in directing a verdict for defendant upon the above evidence.

It seems to us that the plaintiff made out a *prima facie* case, and was entitled to recover upon the testimony.

In the absence of any suggestion from counsel for respondent, we are left to conjecture what can be reasonably urged against plaintiffs' right to recover in this action.

We conceive that it is denied, either on the ground that an attorney can not, without express authority, make his client liable for the expense of printing briefs; or that he can not make two clients jointly liable for one brief, to be used in their two separate cases; or, that he can make his clients liable only for the expense of printing just so many briefs as may be required by the rule of court.

1. It is quite well settled that an attorney has authority, by virtue of his employment as such, to do, on behalf of his client, all acts, in or out of court, necessary or incidental to the prosecution and management of the suit, and which affect the remedy only. *Moulton* v. *Bowker*, 115 Mass. 36. We have no doubt that this includes the power to have printed, at the charge of his client, such briefs or arguments as the attorney may judge advisable for the more convenient presentation of the case in an appellate court. It is a proceeding in the progress of the suit which the attorney may be supposed to consider beneficial to his client. We believe that it is the general understanding and common practice at this bar to have briefs for this court printed. Great inconvenience, and even loss, to clients might ensue, if the attorney were to be compelled to resort to his client at every turn to know whether or not he is willing to incur this or that expense involved in a proper protection of his interests in the lawsuit in hand. It may be that an attorney may make his brief unnecessarily long; it may be that his brief may even do harm to his client rather than good, and thus the client may be put to useless expense; but an attorney may, in many conceivable cases, through indiscretion, negligence, or ignorance, so abuse his trust as to render his client liable for heavy damages; yet such conduct

is not to prejudice one who did not select the attorney, and who is entitled to regard him as the agent of his client. *Jernny* v. *Delesderneier*, 20 Me. 183. It has been expressly held in Louisiana that the right of counsel to have their arguments or briefs printed at the expense of their clients is within the scope of their implied power. — *Weisse* v. *City*, 10 La. Ann. 46. It is true that the rules of this court do not require that briefs should be printed. But it is usual to print them in all cases of any importance where the briefs are long ; and it is obvious that, in the case of a long brief, of a hundred pages or so, as in the case at bar, the expense of printing four copies can be very little, if at all, greater than the expense of having four copies made out in a clerkly hand.

2. But it may be said that the attorney can not make his clients liable for the printing of more copies of a brief than are required in such cases by the rules of practice, and this is, indeed, said in the Louisiana case just cited. The case was this : In an action in which the city of New Orleans was plaintiff, the attorneys for the city, without consulting their client, called upon the city printer to print their brief. The printer printed over three hundred copies ; two hundred and fifty of these were printed at the mayor's suggestion, but without any authority from the city. No agreement was made in relation to the price of the work. The charge was for three hundred and twenty-six pages at $3.00 per page, or $978. There was judgment for $651.50, and the printer appealed. The supreme court affirmed the judgment, saying that the judgment of the district court had done ample justice to the plaintiff. Whatever may be said in the opinion, a reference to the case itself shows that it is no authority for the proposition that the attorney can bind his client for only just so many copies of his brief as the rule of the court requires.

In the present case it does not appear how many copies were printed. No inquiry was made as to that by defend-

ants.   We do not know why it ought to be presumed that
an unnecessary number were printed.   The charge of $63
for printing ninety pages, certainly does not raise any pre-
sumption that there was a great multiplication of copies.
Mr. Gordon says that the briefs were filed and used in the
two cases in which defendants were parties.   He says that
there were twenty-six other cases submitted with these
cases, in which the brief was *used*.   But he does not say that
it was *filed* in these other cases.   It is manifestly improb-
able that four copies of the same brief were filed in each
one of these cases, all argued and submitted together.   It
may well be that a brief statement and reference to the
briefs filed in these two cases was filed in the other twenty-
six cases; or that, the cases being submitted together,
counsel, according to the usual practice in such circum-
stances, asked and obtained leave to submit the twenty-six
cases upon the briefs filed in the two cases upon which the
others depended.   It is no fair inference from the testimony
that, because there were twenty-eight cases, there were four
times twenty-eight, or one hundred and twelve copies of the
brief filed in this court.   We are of opinion that it was not
necessary for plaintiff, in order to recover, to show affirma-
tively that just eight copies of the brief, no more and no less,
were printed for the two cases to which defendants were par-
ties.   Had it appeared that an unreasonably large number of
briefs for use in the two cases had been printed, and had noth-
ing appeared from which it could be ascertained how much
should be deducted for the excessive copies, we could have
understood the theory upon which the court held that plain-
tiff could recover nothing.

3. Defendants, though parties to distinct suits, are made
jointly liable for the briefs, which, from the character of the
litigation, were equally available, and were actually filed, in
either suit.   We see no injustice in this.   We can not con-
ceive how either of the defendants can be prejudiced by this.
If the liability was joint, it was, under our statute, a several

liability. The fact that all the parties, defendants in the twenty-eight stockholder suits, were made jointly liable for printing the briefs did not deprive plaintiff of a right of action against any two of them. Rev. Stats., sect. 3467. The obligation being a joint and several one, the creditor party might, at his option, proceed against one, or all, of his debtors. It does not appear that Bosbyshell's briefs cost him any more, because they were also the briefs of Block, than they would have cost him if they had been the briefs in his case alone. Had the contract been made for Bosbyshell alone, it can not be said, in view of the possibility of accidents, that ten or twenty briefs would have been an unreasonable number to print, though the rule requires only four to be filed. It is quite proper that there should be an extra copy or two for the convenience of counsel on either side, or for future use in the possible contingency of a protraction of the litigation, a further appeal, or a reversal of the judgment. We may take judicial knowledge of the process of printing. It is evident that the main expense is the setting up of the type, and that, in setting ninety pages of matter for a brief, it must be almost a matter of indifference whether the impression is repeated five times or ten, or even twenty times. We are of opinion that the attorney had authority to bind his client to pay for the printing of a reasonable number of briefs. Had it been the case of one client, we should not think twenty copies an unreasonable impression, though only four copies need be filed. There is nothing to show that more copies were printed than would have been reasonable had there been only one case.

We can not agree with the learned judge of the circuit court in holding that the plaintiff was not entitled to go to the jury with the evidence introduced, and we think that the judgment should be reversed and the cause remanded. It is so ordered. All the judges concur.