Westbrook, J.
After the presentation of the claim, to recover which this suit was instituted by the plaintiff, to the defendant it was ,agreed “ that an action should be brought instead of a reference with the view to a speedier trial, which was desirable for all parties, and the action was brought upon that understanding in lieu of a reference, and not because the administratrix did not offer or was not willing to refer.”
The extract just quoted from the affidavit of the counsel for the defendant contains the agreement under which this action was brought, and must be considered in disposing of the motion which the plaintiff has made for costs.
Section 3246 of the Code of Civil Procedure, in connection with sections 1835 and 1836, prescribes the rule for the recovery of costs, “ m an action brought by or against an executor or administrator, in his representative capacity; ” but does not affect the allowance of costs and disbursements in a reference under the Revised Statutes. The contrary of this was affirmed in Miller agt. Miller (32 Hun, 481), but certain provisions of the law were, as it seems to me, so clearly overlooked that the decision cannot be followed without the reassertion by the general term of tho conclusion therein stated, after its attention has been again called to the subject.
By section 317 of the Code of Procedure it was declared that in a reference under the Revised Statutes “ the prevailing party shall be entitled to recover the fees of referees and witnesses, and other necessary disbursements to be taxed according to law.”
Chapter 417 of the Laws of 1877 repeals (sec. 1, sub. 4) “ all of the Code of Procedure, except the following sections and parts of sections thereof, to wit: “ * * * Sections three hundred to three hundred and twenty-two, both inclusive.” This makes it clear that the repealing act of 1877 left section 317 of the Code of Procedure intact, and consequently, as provided thereby in a reference under the Revised Statutes of a claim against a dead person’s estate, the *58 prevailing party recovered the disbursements provided for by that section. Chapter 245 of the Laws of 1880, which, by subdivision 4 of section 1, also repealed the act “ called the Code of Procedure ” (page 369), further expressly declared by subdivision 8 of section 3 (page 375) that such repeal did “not affect the right of a prevailing party to recover the fees of referees and witnesses, and his other necessary disbursements upon the reference of a claim against a decedent, as provided in those portions of the Bevised Statutes left unrepealed after this act takes effect.”
In construing the aet of 1880 it should be borne in mind, as has been shown, that when that act took effect, though the Code of Procedure had been in part repealed by the act of 1877, yet section 317, which 'gave the disbursements in the cases excepted out of the repealing act of 1880, was left unrepealed and in full force. When, therefore, such act (that of 1880) further repealed the same Code, but declared such repeal should “ not affect the right of a prevailing party to recover the fees of referees and witnesses, and his other necessary disbursements” in a reference of a claim against a deceased person’s estate under the Bevised Statutes, such declaration was only another mode of providing that the part of section 317 of the Code which gave such disbursements was unaffected by the repealing act of 1880, as it was by that of 1877. Very clearly, then, so much of section 317 of the Code of Procedure as gives disbursements in a recovery against the estate of a deceased person upon a reference under the Bevised Statutes is not repealed, but is in full force and effect (See Hall agt. Edmonds, 67 How., 202).
As, by agreement of the parties, the present action was “ in lieu of a reference,” that is to say, its substitute, it follows that the plaintiff, who was “ the prevailing party,” is, by the unrepealed part of section 317 of the Code of Procedure, “ entitled to recover the fees of the referee and witnesses, and other necessary disbursements to be taxed according to law.”
*59 The remaining question which the motion presents, to wit: Is the plaintiff entitled to costs other than the disbursements ? will now be considered. The referee, who was appointed to hear and decide the issues in the action, has, by his report dated January 8, 1885, found $621.55 due to the plaintiff from the estate which the defendant, as the administratrix thereof, represents. The claim presented was for $4,728.78, and the large reduction of the demand of the plaintiff would ordinarily, in an action brought against an executor or administrator to charge the estate he represents, prevent the recovery of costs ” (See many cases cited, 2 Abbott's Digest, 357, parargraphs 180, 181, 182). In a reference under the Eevised Statutes for which this action is a substitute, the rule, except as to disbursements, is the sam (Robert agt. Ditmas, 7 Wend., 522; Carhart agt. Blaisdell, 18 Wend., 531; Pursell agt. Fry, 19 Hun, 595). Indeed, the Eevised Statutes, in providing for the reference (3 R. S. [7th ed.] 2300, sec. 37), declare “ the court may * * * adjudge costs as in actions against executors.” The fact that the defendant did not, upon the presentation of the claim, offer to pay anything, gives no right to costs. This point was expressly decided in Carhart agt. Blaisdell (18 Wend., 531), just referred to.
The defendants, however, not only rejected the entire claim of the plaintiff, but set up a counter-claim against him for the sum of $2,624.55, for which sum she asked an affirmative judgment against the plaintiff, “ with interest thereon from March 3, 1877, besides costs of this action.” The defense then, which the defendant made to the action, was not only a resistance to the claim of the plaintiff, but also the prosecution of an independent and distinct demand against him for a large amount. If the defendant had sought to recover that sum by an action against the plaintiff and had failed, she would have been compelled to pay costs. The counter-claim set up in the answer was really an independent action against the plaintiff, and its resistance was the trial of another issue than that presented by his demand against the defendant. *60 As the costs incurred in the successful defense of the claim of the defendant form a very considerable part of the expenditure against which the plaintiff seeks indemnity, no good reason is seen to refuse it. It is, therefore, held that the attempt made by the defendant to recover judgment for a large and independent claim against the plaintiff, in which she entirely failed, constituted an unreasonable resistance to the demand of the plaintiff. It was a resistance of the plaintiff’s claim, because, before he could obtain a report in his favor for that which was his due, the independent demand or counter-claim of the defendant had to be defeated. If the claim of the plaintiff had been reduced by allowing that of the defendant, then it could not be said that the interposition of the counter-claim was an unreasonable resistance to the demand of the plaintiff, unless the latter had, in the presentation of his claim, credited that of the estate against him. When, however, as in this case, the claim which the defendant seeks to enforce is without merit, and the plaintiff is compelled to overcome and resist it before he can obtain payment of that which is his due, then the interposition of such a claim makes an unreasonable resistance by the defendant to that of the plaintiff, and entitles the latter, when successful, to the costs of the action.
The result of my examination is, that the motion for costs to the plaintiff must be granted. Apart from the reason hereinbefore presented for allowing disbursements, if the action in which the motion is made is not to be deemed a substitute for a statute reference, but as an action in which the rule prescribed by section 3246 of the Code of Civil Procedure applies, the motion should still prevail. The attempt by the defendant to recover through the suit brought against her a large counter-claim against the plaintiff, and its failure brings her within the cases provided for by section 1835, in which costs may be awarded to the plaintiff.