ROXANNA C. LARKINS, Respondent, *v.* PAUL C. MAXON, Administrator, etc., Appellant.

Upon a reference under the statute of a claim against the estate of a deceased person, the prevailing party is entitled to recover his necessary disbursements.

The provision of the Code of Procedure allowing such disbursements was not repealed by the Repealing Act of 1880 (Chap. 245, Laws of 1880), but the right thereto is preserved by the qualifying section of said act. (§ 3, subd. 8.)

*Miller* v. *Miller* (32 Hun, 481), and *Daggett* v. *Mead* (11 Abb. N. C. 116), disapproved.

(Argued October 29, 1886; decided November 23, 1886.)

THIS was a reference under the statute of a disputed claim against an estate.

The following is an extract from the opinion :

" From the judgment entered on the report of the referee the General Term struck out the disbursements taxed and allowed, upon the ground that section 317 of the old Code of Procedure, which provided for their taxation, was repealed by the

Repealing Act of 1880, and the right was not preserved by subdivision 8 of section 3 of that act. Upon the construction of that saving clause there has been a difference of opinion in the Supreme Court. In *Miller* v. *Miller* (32 Hun, 481) and *Daggett* v. *Mead* (11 Abb. N. C. 116), the saving clause was held to prevent the destruction only of the right to such disbursements as were provided for in the Revised Statutes, and there being none such in a case like the present there was nothing saved. To the contrary are *Krill* v. *Brownell* (40 Hun, 72), *Sutton* v. *Newton* (15 Abb. N. C. 452), *Hall* v. *Edmunds* (67 How. Pr. 202), and *Overheiser* v. *Morehouse* (16 Abb. N. C. 208). We think these last cited cases established the true construction of the subdivision referred to; and that it was intended, and did preserve the right to disbursements given by the former Code upon the reference of a claim against a decedent.

" The order of the General Term striking out disbursements should be reversed, and the judgment as entered at Special Term be affirmed, with costs of the appeal to this court."

*Elon R. Brown* for appellant.

*W. H. Gilman* for respondent.

*Per Curiam mem.* for reversal of order of General Term, and for affirmance of judgment as entered at Special Term.
All concur.
Judgment accordingly.