SYLVESTER B. OUTHOUSE, Respondent, *v.* ANGELINE ODELL, as Executrix, etc., of RACHEL TOMPKINS, Deceased, Appellant.

*Statutory reference under section 317 of the Code of Procedure — right of a claimant to disbursements not affected by chap. 245 of 1880 or chap. 686 of 1893.*

The provisions of section 317 of the Code of Procedure were not repealed by chapter 245 of the Laws of 1880, and upon the reference of a disputed claim against an estate under the provisions thereof the disbursements of the claimant may be still allowed, although no costs were granted by the decision.

Chapter 686 of the Laws of 1893 has not changed the existing law.

APPEAL by the defendant, Angeline Odell, as executrix, etc., of Rachel Tompkins, deceased, from an order of the Supreme Court, made at the Orange Special Term and entered in the office of the clerk of the county of Westchester on the 20th day of September, 1894, affirming the taxation of the plaintiff's disbursements as made by the clerk of the county of Westchester.

Sylvester Outhouse presented a claim to the executrix of Rachel Tompkins, deceased, which was rejected and the claim was subsequently referred, and the referee found in favor of the claimant, but without costs. Thereafter the claimant presented to the clerk of Westchester county a bill for disbursements; objections were made thereto; such objections were overruled by the clerk and the claimant's disbursements were taxed.

*Wm. H. H. Ely,* for the appellant.

*Smith Lent,* for the respondent.

PRATT, J.:

It is clear from an examination of the case of *Larkins* v. *Maxon* (103 N. Y. 680) that the provisions of the old Code (§ 317) were not repealed by the Laws of 1880 (Chap. 245). At the time this decision was rendered sections 1835 and 1836 of the Code of Civil Procedure were in force and are now in force, and section 317 of the old Code is in force unless repealed by chapter 686 of Laws of 1893. The chapter last mentioned provides that on the entry of the order of reference the proceeding shall become an action in the Supreme Court, and that the reference shall

be governed on the question of costs by sections 1835 and 1836 of the Code of Civil Procedure.

We, therefore, see that sections 1835 and 1836 of the Code of Civil Procedure are not inconsistent with section 317 of the old Code, and that disbursements can be allowed where no costs are given by the decision.

A distinction between costs and disbursements seems to have been maintained ever since the passage of section 317 of the old Code. The law (Chap. 686, Laws of 1893) makes no reference to disbursements whatever; therefore, there has been no change in the law in regard to disbursements since the decision in *Larkins* v. *Maxon* (*supra*). The law of 1893, before referred to, besides making the proceeding an action in the Supreme Court, provided that the referee in allowing or withholding costs should be governed by sections 1835 and 1836 of the present Code, and, as we have already seen, those sections make no reference to *disbursements*, and notwithstanding those provisions disbursements can be allowed.

It would be a remarkable construction to hold that the Legislature, by passing chapter 686 of the Laws of 1893, only intended to substitute a reference under the Revised Statutes for one under the Code, as they made no mention of disbursements in that statute. By not repealing section 317 of the old Code and making no allusions to the subject I think it a fair inference the Legislature intended to make no change in the existing law on that subject.

With some hesitation we feel constrained to affirm the order, with ten dollars costs and disbursements.

DYKMAN, J., concurred; BROWN, P. J., not sitting.

Order affirmed, with ten dollars costs and disbursements.