(25 Civ. Proc. R. 348.)

## MULLIGAN v. CANNON.

(Supreme Court, Special Term, New York County.  May, 1896.)

PRINCIPAL AND AGENT—AUTHORITY OF AGENT TO BIND PRINCIPAL—ATTORNEYS.
   An expert witness employed by an attorney to testify in a proceeding
   may recover compensation therefor from the party represented by the at-
   torney, in the absence of evidence that the witness had notice of the
   limitation of the attorney's authority, or agreed to look solely to the attor-
   ney for compensation.

Agnes K. M. Mulligan presented a claim to Louise M. H. Can-
non, executrix of the will of Newton Cannon, deceased.  The claim
was referred by consent.   Judgment for plaintiff.
   Argued before JAMES W. HAWES, Esq., Referee.

Mortimer C. Addoms, for plaintiff.
Ernest Hall, for defendant.

HAWES, R.   This is a reference under section 2718 of the Code
of Civil Procedure.   It is not disputed that in 1892 a proceeding
was pending in this court entitled "In the Matter of Acquiring Title
to Tremont Avenue, from Aqueduct Avenue to Boston Road, in the
Twenty-Fourth Ward of the City of New York"; that, a prelim-
inary report having been made, Thomas S. Bassford, Esq., an at-
torney of this court, was retained by Newton Cannon, then living,
who was the owner of certain premises affected by the proceeding,
and was dissatisfied with the amount awarded him, to appear there-
in and endeavor to secure an increase of the award; that said
Bassford employed the plaintiff, then Agnes K. Murphy, a real-
estate agent and expert, to give expert testimony as to the value
of the land taken in said proceeding, belonging to said Cannon;
and that on or about the 7th day of April, 1892, she appeared be-
fore the commissioners, and gave such testimony, upon the exami-
nation of said Bassford; and that said Cannon was present upon
the occasion, and gave testimony in his own behalf.   Nor is there
any dispute that the reasonable value of the services so rendered is
$100, nor that at the time of her employment the plaintiff knew
that said Bassford was the attorney in said proceeding of said
Newton Cannon.   The only defense urged upon the submission of
the case is that Mr. Bassford was employed by Cannon under a
special retainer, by the terms of which the attorney was respon-
sible for all disbursements, and that at the time of her employ-
ment the plaintiff had notice of that fact.   It is a well-settled rule
of the common law that where one person contracts as the agent of
another, and the fact of his agency is known to the person with
whom he contracts, the principal alone, and not the agent, is re-
sponsible.   The rule is directly applicable to the case of attorney
and client.   The attorney cannot be held personally liable unless
upon an express promise to that effect, proof of circumstances from
which such promise may be justly inferred, or notice to the third
party of lack of authority in the attorney.   Judson v. Gray, 11 N.

Y. 408; Bonynge v. Field, 81 N. Y. 159; Covell v. Hart, 14 Hun, 252; Packard v. Stephani, 85 Hun, 197, 32 N. Y. Supp. 1016.

There can be no doubt of the authority of an attorney, in the conduct and management of his client's case, to make such necessary and proper disbursements as the case shall require. This authority is implied merely from the relation between attorney and client, from which a request on the part of the latter would be presumed. Foland v. Dayton, 20 N. Y. Wkly. Dig. 59; Harry v. Hilton, 11 Daly, 232; Palen v. Starr, 7 Hun, 422; Moulton v. Bowker, 115 Mass. 37; Weisse v. City of New Orleans, 10 La. Ann. 46; Paper Co. v. Bosbyshell, 14 Mo. App. 534; Packard v. Stephani, supra. The cases cited cover the fees of referees, stenographers, and expert witnesses, the services of a bookkeeper in examining partnership books, the printing of briefs, though not required by rule of court, and similar disbursements. There can be no doubt of the authority of an attorney, in a proceeding relating to the value of real estate, to bind his client by the employment of a witness expert in such values. "In all cases where the principals seek exemption upon the ground that the credit was exclusively given to their agent, this should clearly appear, and they have the affirmative to show it; the natural presumption being, in all cases, that credit is given to the principal, rather than to the agent. It is sufficient to say upon this branch of the case that there is no conclusive evidence that the credit was given by the vendors exclusively to the agent, and that they intended to look to him solely for their pay. It is true that upon the ledger and daybook of the vendors the articles were charged to Shall, and, while this furnished strong evidence that they were furnished upon his credit, it does not show it conclusively." Meeker v. Claghorn, 44 N. Y. 349, 352. To the same effect are Butler v. Mail Ass'n, 61 N. Y. 634, reversing 34 N. Y. Super. Ct. 58; Foster v. Persch, 68 N. Y. 400. "The plaintiff, Thornton, had the right to assume, unless in some manner advised to the contrary, that the attorney who employed him had the authority which his relation as such to his clients imported. And his right of action against them was not affected by any secret or confidential instructions given by them to him qualifying his actions." Thornton v. Tuttle, 7 N. Y. St. Rep. 801, 803. It does not appear that there is any difference in the relation between attorney and client when acting in an ordinary suit, and when acting in a statutory proceeding. People v. Coleman, 41 Hun, 307; Insurance Co. v. Smith, 28 Hun, 296; Gates v. De La Mare, 142 N. Y. 307, 37 N. E. 121. The plaintiff having been employed by Mr. Bassford, then he was, to her knowledge, acting as attorney for defendant's testator. The burden rested upon the defendant to show either an agreement by which the plaintiff restricted herself to the personal responsibility of Mr. Bassford, or notice to her of the limitation of his authority. I am unable to find that this burden has been discharged.

Upon all the proofs in this case, I cannot find that the payment of the plaintiff's claim has been unreasonably resisted or neglected

by the defendant, and therefore do not award costs. The plaintiff, however, is entitled to recover the fees of the referee and witnesses, and other necessary disbursements. Old Code, § 317. While section 1 of chapter 245 of the Laws of 1880 repeals said section 317, subdivision 8 of section 3 of that chapter saves the right to disbursements. Larkins v. Maxon, 103 N. Y. 680, 9 N. E. 56; Krill v. Brownell, 40 Hun, 72. Chapter 686 of the Laws of 1893 repeals the provisions of the Revised Statutes referred to in said subdivision 8, but substantially re-enacts them in section 2718 of the Code of Civil Procedure. The last-cited cases therefore continue authoritative. When an act repeals and substantially re-enacts a statute, the re-enacted statute is a continuation of the former, and there is no suspension; and, when one act is incorporated by reference in another, the repeal of the earlier statute does not affect the situation, but the incorporated parts remain in force. End. Interp. St. §§ 490, 492; Flanders v. Town of Merrimack, 48 Wis. 567, 4 N. W. 741; In re Main Street, 98 N. Y. 454. Section 32 of the statutory construction law, while not in terms applicable, may therefore be cited as declaratory of the existing law. This view of the right to disbursements is borne out by Outhouse v. Odell, 84 Hun, 494, 32 N. Y. Supp. 388.