STATE ex rel. DILLARD, Respondent, v. A. P. JOHNSON et al., Appellant.

**St. Louis Court of Appeals, February 7, 1899.**

1. **Damages: AVERMENT OF PENALTY OF BOND.** In the case at bar, the petition contains the following averment: "Whereby defendants became liable to pay plaintiff to the use of said relator the sum of $2,000; wherefore plaintiff prays judgment against defendants in the sum of $2,000, the penalty of said bond, and that execution issue against the defendants for the sum of $177, the damages aforesaid, and for costs;" *held* to be a sufficient averment of the penalty of the bond.

2. **Pleading: JURISDICTIONAL FACTS.** At common law it is necessary in pleading the rendition of a judgment of an inferior tribunal, or that of a court of general jurisdiction, in the exercise of a special jurisdiction, to aver all jurisdictional facts. Under the statute it is only necessary to state that such a judgment was duly rendered. (R. S. 1889, sec. 2079.)

3. **Attorney an Agent of the Constable: RETURN ON THE WRIT.** In the case at bar the relator could have nothing to say as to the manner of making the levy; nor had he the right to direct or dictate to the constable as to the form of his return; *held* that the attorney must be treated as the agent or scrivner of the constable.

*Appeal from the Audrain Circuit Court.*—HON. ELLIOTT M. HUGHES, Judge.

AFFIRMED.

O. HITT and F. R. JESSE for appellants.

The answer of defendants, in addition to the plea in estoppel, contains a general denial of all the allegations in

plaintiff's petition; and even if the jurisdiction of the justice of the peace before whom the case of Turner, assignee, etc., v. Johnson & Demming had been properly pleaded, under the pleadings it was incumbent on plaintiff to show for what amount said justice rendered judgment in favor of the plaintiff in said cause. Robinson v. Jones, 71 Mo. 582; Etz v. Wheeler, 23 Mo. App. 449. * * * It follows, from the foregoing cases, as well as from the general rule, as before stated, that the attorney had the power to dismiss the suit without special authority therefor. If there was any abuse of the authority the remedy is against him. Persons dealing with the property had a right to rely upon his act as being the act of the client. To same effect see Williamson-Stewart Paper Co. v. Bosbyshell, 14 Mo. App. 534; Vaughn v. Fisher, 32 Mo. App. 29; Poucher v. Blanchard, 86 N. Y. 256; Foster v. Wiley, 27 Mich. 244. Loss occasioned by a deviation from the ordinary routine of official duty at the request of the party to be benefited by the act is not a breach of the officer's bond. 2 Am. and Eng. Ency. of Law [1 Ed.], p. 467; Skinner v. Wilson, 61 Miss. 90; Simms v. Quinn, 58 Miss. 221; Corning & Horner v. Southland, etc., 3 Cow. 552; Gorham v. Gale, 7 Cow. 739. An officer may defend an action on his bond for not returning an execution by showing that he acted according to the instructions of the plaintiff. Robinson v. Coker, 11 Ala. 466; Kennedy v. Smith, 7 Yerg. (Tenn.) 472; Robinson v. Harrison, 7 Humph. (Tenn.) 489; Granberry v. Crosby, 7 Heisk. (Tenn.) 579; Bassett v. Bowmar, 3 B. Mon. (Ky.) 325. The instructions of an attorney to an officer will bind his client and protect the officer. If an attorney gives such directions to a deputy marshal as induces him to take a defective bond, the marshal is not chargeable for such act of the deputy. Rogers v. The Marshal, 1 Wall. (U. S.) 644-655, Book 17, L. C. P. Co., p. 714. It is a well settled principle that if a party participates in an error he is estopped from complaining of such

error.    Davis v. Brown, 67 Mo. 313; Noble v. Blount, 77 Mo. 241; Waddingham v. Waddingham, 27 Mo. App. 596; State v. Beatty, 25 Mo. App. 214.

H. H. LARIMORE for respondent.

The authority of the attorney, by virtue of his employment, extends only to the conduct and management of the case, and in so far as it does not conflict with or compromise the duties of administrative or other officers; but any act of his beyond his authority, as fixed by law, is *prima facie* without authority.    Willard v. Siegel, etc., 47 Mo. App. 1. No. agreement by the attorneys in a case can supersede the statute or make valid a proceeding in direct conflict with its terms.    Tuppery v. Hertung, 46 Mo. 135.    The officer has entire control over the return until it has been filed. . The court can not dictate to him what fact to report; the officer himself must abide his action, though injurious.    So the attaching creditor may be injured by the action or non-action of the officer, and in a suit by him for repair of the wrong the return in the attachment suit is conclusive upon the sheriff or his representative. ' If, however, the return should contain the statement that the attachment was made under the instruction and at the risk of plaintiff, that would not be conclusive against the latter; because such assertion is not required by law, and therefore forms no proper part of the official paper, as the officer can not thus make incontrovertible evidence for himself to be used in case of a suit against him.    Lovejoy v. Hutchins, 23 Maine, 272; Lesher v. Getman, 30 Minn. 321; Nelson v. Cook, 17 Ill. 443; Hammond v. Starr, 79 Cal. 556; Chaplin v. Robertson, 44 Ark. 202; Haynes v. Small, 22 Maine, 14; Waples on Attachment and Garnishment, ch. 9, secs. 336, 337.    It is a well settled principle of law that an attorney and officer occupy different fields.    The duties of each are distinct and separate; no part of that which belongs to one can be performed by the other,

so as to relieve the latter from entire responsibility. The action of the trial court in refusing the declarations of law asked by the defense, and in sustaining the plaintiff's objections to the two questions set forth in point III, was no error but was in full accord with the law of the case.

BIGGS, J.—This is an action on the bond of A. P. Johnson, constable of Salt River township, in Audrain county. The substance of the action as stated in the petition and shown by the evidence is, that the relator instituted an attachment suit before a justice of the peace upon a demand of $177 against the firm of Elliott & McNama; that certain property was attempted to be levied upon under the writ of attachment and was afterward sold by Johnson to whom the writ was delivered; that the attachment was sustained and final judgment was rendered in the action; that subsequently Elliott & McNama made an assignment for the benefit of their creditors; that one Turner, their assignee, enjoined the payment of the proceeds of the sale of the attached property to the relator upon the ground that the return of Johnson on the attachment writ was insufficient to create a valid lien on the goods; that the circuit court sustained Turner in his action and ordered Johnson to pay the money to him, whereby the relator lost his debt.

In addition to a general denial, the answer of the defendants was to the effect that the return on the writ of attachment was written by the attorney of the relator in the attachment suit, and that by reason whereof the relator is estopped to claim damages caused by the insufficiency of the return.

The jury returned a verdict for the plaintiffs, upon which a judgment was entered. The defendants have appealed.

The defendants objected to the introduction of any evidence upon the ground that the petition failed to state a

cause of action, in that it failed, first, to aver the penalty of the bond, and, second, that the judgment of the justice in the attachment suit was not sufficiently pleaded.

The first objection is not supported by the record. The petition contains this averment, to wit: "Whereby defendants became liable to pay plaintiff to the use of said relator the sum of $2,000; wherefore plaintiff prays judgment against defendants in the sum of $2,000, the penalty of said bond, and that execution issue against the defendants for the sum of $177.00, the damages aforesaid, and for costs." We think that this is sufficient.

The second objection is likewise overruled.

At common law it is necessary in pleading the rendition of a judgment of an inferior tribunal or that of a court of general jurisdiction in the exercise of a special jurisdiction, to aver all jurisdictional facts. Under the statute it is only necessary to state that such a judgment was *duly* rendered. (R. S. 1889, sec. 2079.) This averment is not formally made in the petition here, but the fact may be fairly inferred from the statements therein that the judgment of the justice was duly and regularly obtained. An objection to the introduction of evidence on account of a defective pleading will be sustained only when there is an entire omission of material facts. Young v. Shickle, 103 Mo. 324; Weaver v. Harlan, 48 Mo. App. 319; Dillon v. Hunt, 82 Mo. 150; Eans v. Bank, 79 Mo. 182; Lycett v. Wolff, 45 Mo. App. 489.

The plaintiff read in evidence the judgment entry in the case of Turner, Assignee, etc., v. Johnson, above mentioned. The specific objection to this piece of evidence was that the judgment entry showed that Johnson had taken an appeal and that there was nothing to show that there had been a final disposition of the cause. This is a mistake, for the record shows that the judgment had been satisfied.

It is urged that the evidence is insufficient to support the judgment in this case for the reason that the judgment

entry above referred to fails to show that the litigation involved the proceeds of the sale of the attached property, or that Johnson had been enjoined from paying the money to relator. The record is imperfect in the respects mentioned. The judgment entry only was read in evidence, which merely shows a recovery in favor of Turner. It seems, however, to have been conceded at the trial that the Turner litigation involved the proceeds of the attached property and that Turner prevailed in the action. In the instructions asked by the defendants the fact that the relator had lost the benefits of his attachment by reason of a fatal defect in the return on the writ, seems to have been admitted, for the defendants placed their non-liability on the sole ground that the attorney of the relator had written the return. Under these circumstances we must overrule the assignment.

The pivotal question in the case, and the one upon which the defendants chiefly rely, is, that the attorney of the relator wrote the return on the writ of attachment and that therefore the relator is estopped to assert that the return was insufficient or to claim damages by reason of its insufficiency. The instructions asked by the defendants and which the court refused, presented this theory of the case. It appears from the evidence of the defendants that after Johnson had attempted to serve the writ he asked the relator's attorney to write the return on the writ, which he did. The return failed to state that Johnson had taken the property into his possession. This assignment involves a discussion of the powers and duties of relator's attorney. It is insisted by counsel for defendants that in preparing the return the attorney acted as the agent of the relator. We have examined the various authorities cited in support of this. We find that the plaintiff's attorney in an attachment suit may procure an order for the sale of the property (Williamson v. Bosbyshell, 14 Mo. App. 534) ; that he may point out the property upon which the levy is to be made (Vaughn v.

Fisher, 32 Mo. App. loc. cit. 37; Granberry v. Crosby, 7 Heisk. (Tenn.) 597), and that he may direct the officer to hold up the execution (Robinson v. Coker, 11 Ala. 466; Kennedy v. Smith, 7 Yerg. (Tenn.) 472, and Robinson v. Harrison, 7 Humph. (Tenn.) 189). As to the matters in judgment in the cases cited we can readily understand the reasons for the rulings of the court. In each case the attorney merely exercised a right which his client possessed. In the case at bar the relator could have nothing to say as to the manner of making the levy; nor had he the right to direct or dictate to the constable as to the form of his return, therefore on principle he can not be prejudiced by the mistake of the attorney in writing the return. As to this act the attorney must be treated as the agent or scrivener of the constable.

Finding no reversible error in the record, we will affirm the judgment. It is so ordered.