## SWARTWOUT v. McGOWAN et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. PRINCIPAL AND AGENT (§ 23*)—SUFFICIENCY OF EVIDENCE—AGENCY.

In an action to recover compensation for testifying as to the value of abutting property in proceedings to close a street, in which it appeared that a number of property owners had engaged a guaranty company to protect their interests in such proceeding, evidence *held* not to show that the guaranty company in employing plaintiff to testify was acting as the agent of defendant, one of the owners.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 41; Dec. Dig. § 23.*]

2. PRINCIPAL AND AGENT (§ 184*)—ELECTION OF REMEDIES.

A guaranty company was employed by a number of abutting property owners to look after their interests in. the matter of the closing of a street on which their property abutted, and plaintiff was engaged by the guaranty company to testify as a real estate expert in the street closing proceeding, and plaintiff sued the company to recover a certain sum for his services, in connection with a parcel owned by one of the property owners, and recovered judgment, and thereafter he began another action against the guaranty company to recover another sum as compensation for his entire services for testifying with reference to the various parcels owned by all of the abutting owners, whose interests the guaranty company was engaged to protect, less the sum recovered in the former action, and the guaranty company pleaded the former judgment in bar of the latter action. *Held* that, even if the guaranty company had authority to bind the property owners as their agent to pay plaintiff for his services, plaintiff had elected to hold the guaranty company liable therefor as principal, with full knowledge of the facts, and was estopped

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

from afterwards suing one of the property owners for compensation for his services rendered in connection with such owner's property.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 701–703; Dec. Dig. § 184.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Frank G. Swartwout against William McGowan and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, THOMAS, and RICH, JJ.

Benjamin Marcus, for appellant.

Hirsh & Rasquin, for respondents.

RICH, J. Upon different theories counsel for the respective parties unite in the conclusion that the plaintiff has established no cause of action against the defendant the United States Title Guaranty & Indemnity Company, and, as to it, the judgment appealed from must be affirmed.

The facts are stipulated, and it appears that in a proceeding commenced in 1898 by the city of New York for the closing of Cypress avenue the owners of property abutting thereon severally retained the United States Title Guaranty & Indemnity Company to protect and look after their respective interests. The retainers, except as to dates and names and description of the property, were uniform; the one involved in this action providing as follows:

"I, Frank G. Swartwout, atty in fact for William McGowan, the undersigned, owner of real estate in the borough of ———, city of New York, known as block 2547 lot 68, hereby employ the United States Title Guaranty and Indemnity Company, its attorneys and agents, to do whatever acts are necessary to represent said property, or any part thereof, for any or all of the purposes stated below, in consideration of which I agree to pay said company at the rates stated below, and I hereby assign to said company so much of the award or other money coming to me as shall pay its compensation hereunder, the said company to make no charge for its services unless an award or other consideration is secured, or an assessment reduced. Name of Owner: Wm. McGowan by Frank G. Swartwout. Address: 1822 Park Ave. N. Y. City."

"Rates 1. In street opening and widening matters or other condemnation proceedings or upon agreement with the City, 10% of the award or consideration. 2. In cases of damages by reason of the changes in the grade of streets or avenues or otherwise, 25% of the award. 3. For reducing assessment for all local improvements, 25% of the amount of the reduction."

It is not contended but that all expenses were to be borne by the company under this retainer, and that it was understood that such expenses were included in the percentage of the award to be retained by the company. It appears that at least 57 separate parcels were involved in the proceeding. To establish the damages alleged to have been sustained in consequence of the closing of said avenue, the company employed the plaintiff as a real estate expert to examine said parcels, determine the damage to each, and testify upon the hearings. The plaintiff testified to his employment upon the trial of a similar

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

action against one Doll, who was the owner of one of said parcels of property, as follows:

"Q. You were retained by the United States Title Company to testify as to this property, were you not? A. Yes; by A. C. and W. F. Hottenroth.

"Q. They retained you to testify as to a great number of parcels involved in this particular proceeding, did they not? A. Yes; there were a good many parcels. It was the whole lower section of the Bronx. * * *

"Q. You had your arrangement as to testifying with Mr. Hottenroth, the attorney for the title company, did you not? A. He wrote me a letter asking me if I could testify in this proceeding, that they would like very much to have me testify, and I said yes, I could. Following that, I received a letter from him to go ahead and make my examination and be ready to testify at a certain time. Those are the only arrangements that I made."

Under this employment plaintiff qualified and testified as an expert witness to the damages to 57 different parcels, for which he rendered a bill for $3,650.

On or about August 13, 1908, the plaintiff commenced an action in the Municipal Court against the defendant company to recover the sum of $75 for his services as to one of said parcels owned by a Mr. Moore, which was included in his contract of employment, in which he recovered judgment which the defendant company paid. On December 9, 1908, the plaintiff commenced an action in the Supreme Court against the defendant company to recover the sum of $3,575, representing his entire service less the $75 recovered in the former action and paid to him, and including the compensation he seeks to recover in this action. In the complaint he alleged his employment as a single employment to testify as to the damages to all of the parcels represented by the company. The defendant company answered, pleading the former action in the Municipal Court as a defense and bar. Subsequent proceedings in the action, if any, do not appear from the stipulation. The action against Doll was commenced in March, 1909, and defended by said title company for the defendant therein, and after trial judgment was rendered in favor of the defendant, which was subsequently affirmed upon appeal. On May 3, 1910, plaintiff commenced this action. The contention of the defendant McGowan is, first, that he never employed the plaintiff; second, that the plaintiff, with full knowledge of the facts, elected to hold the Title Company for the value of his services; third, that, if the company could be held to be his agent in the employment of the plaintiff, the latter had full knowledge of the exact terms of the agency, which provides that the company is to pay all expenses incurred in the proceeding; and, fourth, that the judgment in the action of Swartwout v. Doll is res adjudicata upon the question of plaintiff's right to recover herein.

I am unable to find any evidence sustaining the plaintiff's allegation that his employment was by the title company as agent for the defendant McGowan. This allegation is denied, and it nowhere appears that such agency existed. On the contrary, it is expressly stated that plaintiff's services were rendered under a contract or retainer with the defendant company which required plaintiff to qualify and testify as to the damages sustained by all of the property involved in the proceeding. Nowhere is it stated or claimed that such agreement was made by or for the individual property owners. Plaintiff rendered a

bill for his entire services to the title company, and upon nonpayment first sued the company for one of the items, in which he recovered a judgment, and later brought an action against the company for the amount of the entire bill less the $75 involved in the first action, and it was not until the former suit was pleaded in bar that any claim was made of an agency of the company.

Several authorities are cited sustaining the familiar rule of law that an attorney has authority in a proceeding involving the value of his client's real property to bind the latter by the employment of an expert witness to testify on that subject. The plaintiff's employment was not by the title company, but by its attorneys, and the rule invoked is not an authority for the liability of the clients of the company under the facts appearing in this record. In this same connection it seems clear that, if it was held that the title company had the power, as agent of the individual property owners, to obligate them for plaintiff's compensation, with full knowledge of all the facts, he has elected to hold the company as principal, and is bound by his election. All of his dealings with the company down to the time they pleaded his first action as a bar to the second show that he recognized it as principal and not as agent. With full knowledge of the facts, the plaintiff has elected to treat the company as principal, and is bound by such election. 2 Herman on Estoppel, p. 1183; Booth v. Barron, 29 App. Div. 66, 51 N. Y. Supp. 391; Coleman v. First Nat. Bank of Elmira, 53 N. Y. 388; Lage v. Weinstein, 35 Misc. Rep. 298, 71 N. Y. Supp. 744; Remmel v. Townsend, 83 Hun, 353, 31 N. Y. Supp. 985; Ranger v. Thalmann, 65 App. Div. 5, 72 N. Y. Supp. 451; Tuthill v. Wilson, 90 N. Y. 423. The case of Mulligan v. Cannon, 41 N. Y. Supp. 279, relied on by the appellant, is not an authority for his contention. The rule stated in that case is expressly declared to be operative only in the absence of evidence that the party had notice of the limitation of the attorney's authority, or agreed to look solely to the attorney for compensation. In the case at bar the plaintiff had such knowledge, and his acts and conduct are sufficient to justify the conclusion that he understood and impliedly at least agreed to look to his employer for his compensation.

The judgment of the Municipal Court must be affirmed, with costs. All concur.